IN RE FREEHOLDER'S PETITION OF ELIZABETH L. BADER.
ELIZABETH L. BADER, APPELLEE, V. DONALD D.
HODWALKER ET AL., APPELLANTS.
187 N. W. 2d 645

Filed June 11, 1971. No. 37833.

John E. Dougherty, for appellants.

Sampson & Armatys and Perry, Perry & Witthoff, for appellee.

Robert G. Simmons, Jr., for amicus curiae.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

This appeal by Donald D. Hodwalker and School District No. 9 is from the order of the district court transferring land owned by the appellee Elizabeth L. Bader from School District No. 9 of Merrick County, Nebraska, a Class I school district, and from Grand Island Northwestern School District, a Class IV school district, to School District No. 4 (Central City School District) of Merrick County, Nebraska, an accredited Class III school district. The joint boards of Hall and Merrick counties, consisting of their county superintendents, county clerks, and county treasurers, ordered the transfer. We affirm.

The only issue involved in this appeal is the sufficiency of the petition for transfer to state facts sufficient to confer jurisdiction to make the transfer. The appeal is premised upon the allegation that the petition, as required by section 79-403, R. R. S. 1943, does not state or give any reasons why the land should be transferred from School District No. 9 to School District No. 4. Appellants concede that in all other respects the petition is in proper form.

The issue on the sufficiency of the pleadings was raised by appellants for the first time in their motion for judgment notwithstanding journal entry and motion for new trial. While a petition may be attacked at any stage of the proceedings on the grounds of its insufficiency to state a cause of action, where the attack is delayed until appeal, the pleading will be liberally construed. Vielehr v. Malone, 158 Neb. 436, 63 N. W. 2d 497. We apply that rule herein.

The translocation order herein was dated August 29, 1969. Section 79-403, R. R. S. 1943, was amended during the 1969 legislative session. Legislative Bill 1378 amending said section was passed with the emergency clause,

and became effective 'August 4, 1969. (Laws 1969, .c. 710, p. 2727.) These proceedings, which were initiated August 12, 1969, are controlled by the statute as amended by L.B. 1378. The amended statute, so far as material herein, provides: "Any freeholder or freeholders, person in possession or constructive possession as vendee pursuant to a contract of sale of the fee, holder of a school land lease under section 72-232, or entrant upon government land who has not yet received a patent therefor may file a petition with a board consisting of the county superintendent, county clerk, and county treasurer, asking to have any *tract* of land described therein set off from *any Class I, II or VI school district prior to January 1, 1970, or any time from a nonaccredited Class I, II, III or VI district in which it is situated and attached to an accredited district in the county of the residence of the petitioner or an adjoining county thereto.* The petition shall state the reasons for the proposed change and *shall* show *with reference to the land of each petitioner:* (a) That the land therein described is either owned by the petitioner or petitioners or that he or they hold a school land lease under section 72-232, are in possession or constructive possession as vendee under a contract of sale of the fee simple interest, or have made an entry on government land but have not yet received a patent therefor; (b) that the *land* proposed to be attached has children of school age *who have resided* thereon with their parents or guardians *for not less than forty days prior to filing the petition;* (c) that the land described therein is located in a *Class I, II, III or VI* school district *as provided in this subsection (2),* and is to be attached to an accredited school district *in the county of the residence of the petitioner or an adjoining county thereto;* and (d) that such petition is approved by a majority of the members of the school board or board of education of the district to which such land *is sought to be attached."* (Italics supplied.)

. The portion of the above act placed in italics was

added to the statute and established a separate reason to justify transfer of land from one school district to another. Transfer from a nonaccredited school district to an accredited one states a sufficient reason for transfer. The petition filed by the appellee herein stated that the property is in a Class I and Class IV school district and is to be attached to an accredited school district in the county of residence of the petitioner. It therefore states a sufficient reason for the transfer, pursuant to L.B. 1378. Accreditation is becoming increasingly important. A school district which provides education for its children from the kindergarten through high school in accredited schools provides substantial educational advantages over a school district which provides for only part of the education of its children, and all or much of it in nonaccredited schools.

Judgment affirmed.

AFFIRMED.