THOMAS W. ELSON ET AL., APPELLANTS, V. MARY D. HAR-
BERT, COUNTY SUPERINTENDENT OF FRONTIER COUNTY, NE-
BRASKA, ET AL., APPELLEES.

214 N. W. 2d 391

Filed January 31, 1974. No. 39083.

Wagoner & Wagoner, for appellants.

Beatty, Morgan & Vyhnalek, for appellees.

Sampson & Amatys, for amicus curiae.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH,
McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

Robert L. Ruppert and Velma J. Ruppert own 160
acres of land located in School Districts Nos. 101 and 120
of Frontier County, Nebraska. They are contract pur-
chasers of an additional 720 acres in these districts. On
February 1, 1972, they filed a petition to transfer all
this land to School District No. 46 in Frontier County.
The required notice was given and the transfer was
approved after a hearing on the petition on February
15, 1972.

District No. 120 (Medicine Valley) is a Class VI
accredited district. District No. 101 is a Class I non-
accredited district which is included within the bound-
aries of District No. 120. District No. 46 (Maywood)
is a Class III accredited district.

The plaintiffs are residents and taxpayers in Districts

Nos. 101 and 120. From the order of the board approving the transfer, the plaintiffs appealed to the District Court. They now appeal from the judgment of the District Court affirming the order of the board.

Section 79-403, R. R. S. 1943, is divided into two subsections. Subsection (1) authorizes a transfer from a Class I district to an adjoining district if tuition has been paid for two or more consecutive years to the adjoining district and the board deems it just and proper and for the best interest of the petitioners to do so. Subsection (2) authorizes a transfer from a nonaccredited Class I district which is also part of a Class VI district to an accredited Class III district.

The record shows proof of all applicable requirements of the statute for a transfer of the petitioners' land under either subsection as amended. Although the petition did not allege acceptance by the receiving district as required by subsection (2), this requirement was supplied by proof. See Bader v. Hodwalker, 187 Neb. 138, 187 N. W. 2d 645. Both subsections authorize a transfer upon the petition of a contract vendee in possession.

The plaintiffs' principal contention is that land cannot be transferred from an accredited Class VI district under subsection (1). Prior to the 1971 amendment to section 79-403, R. R. S. 1943, land could not be transferred from an accredited Class VI district. Clark v. Sweet, 187 Neb. 232, 188 N. W. 2d 889. The 1971 amendment eliminated the language in subsection (1) which prevented transfers from accredited Class VI districts. We believe the trial court reached the proper conclusion and that land may be transferred from accredited Class VI districts under subsection (1) of the statute as amended in 1971.

The judgment of the District Court is affirmed.

AFFIRMED.

SMITH, J., not participating.