In re The Trust Known as The Reller Trust Created by The Last Will and Testament of Merril R. Reller, deceased.
Rollie C. Johnson, appellant and cross-appellee, v. Donald R. Hays, appellee, Impleaded with Virginia Reller, appellee and cross-appellant.
225 N. W. 2d 397

Filed January 30, 1975. Nos. 39291, 39292.

Nelson, Harding, Marchetti, Leonard & Tate and Kenneth Cobb, for appellant.

Fredric H. Kauffman of Cline, Williams, Wright, Johnson & Oldfather, and Charles S. Reed, for appellee Reller.

Heard before Spencer, Boslaugh, McCown, Newton, Clinton, and Brodkey, JJ.

BOSLAUGH, J.

These cases involve a controversy over the compensation due Rollie C. Johnson for his services as manager of the Commercial Center under the trust established by the will of Merril R. Reller, deceased. The testator died August 1, 1968. Case No. 39292 involves compensation for the period August 1, 1968, to December 31, 1970. Case No. 39291 involves compensation for the year 1971.

The cases were commenced by applications filed in the county court. The county court fixed the compensation in each case at $1,300 per month. Upon appeal the District Court fixed the compensation in each case at $1,500. The plaintiff has appealed and Virginia Reller, the life beneficiary of the trust, has cross-appealed.

The principal issue raised by the cross-appeal relates to jurisdiction of the subject-matter. The cross-appellant contends the lower court lacked jurisdiction because the applications filed by Johnson did not allege specifically the trustee had abused his discretion in fixing the compensation paid to Johnson.

The cross-appellant concedes the county court has concurrent jurisdiction with the District Court in the supervision of the administration of testamentary trusts; that Johnson could contest the trustee's discretionary determination in the county court; and that the county court could review the exercise of the trustee's discretion. See, § 30-1801, R. R. S. 1943; In re Estate of Grblny, 147 Neb. 117, 22 N. W. 2d 488. Thus, the cross-appellant's contention amounts to an attack upon the pleadings made for the first time in this court.

Although a petition may be attacked at any stage of the proceedings on the ground it fails to state a cause of action, where the attack is delayed until appeal the pleading will be liberally construed. Bader v. Hodwalker, 187 Neb. 138, 187 N. W. 2d 645. The applications filed by Johnson alleged in substance that the trustee had failed to pay Johnson what he was entitled to receive. Liberally construed, they were clearly sufficient.

The controlling issue in each case is the amount of compensation that should be paid to Johnson. The situation is somewhat unique in that Johnson is not an employee hired under an ordinary contract of employment. The will directed the trustee "in general to conduct the Commercial Center in as near the same manner as it is being operated on the date of my death." The will further provided the "present method of conducting business, rentals and divisions of profits shall be continued as near as practicable" with the share of profits formerly received by the testator to be paid to his widow, the life beneficiary. The will also provided that Johnson should be an income beneficiary of the trust for 5 years after the death of Mrs. Reller "provided he remain and operate said Commercial Center as he now is for said five year trust period." He is also a remainderman beneficiary of the trust.

The testator died August 1, 1968. Johnson had been employed at the Commercial Center since 1955 or 1956. He had designed the layout of the trailer court, constructed it, and had managed it from its inception. In addition to collecting the rent from the trailer court and other facilities he performs the maintenance work at the Center which has its own water and sewer system and electrical distribution service. He furnishes the use of two pickup trucks, a dump truck, a large tractor, a small tractor, a motor grader, hand tools of various types, and office equipment.

During the lifetime of the testator, he and Johnson had a complicated system for sharing income and expenses from the Commercial Center. In general, Johnson received 38 percent of the trailer court rentals, 50 percent of certain apartment rents, and $30 per month from the office rent paid by a labor union. Johnson also paid 50 percent of certain expenses and shared in the profit or loss resulting from the electrical billing to the tenants of the trailer court. The testator paid all the expenses the parties termed "capital improvements" and

expenses relating to facilities of the Center from which the testator received the entire rental income.

The will was construed in an action brought for that purpose in 1970. The District Court directed the trustee to "continue with the services of Rollie C. Johnson as an integral part of the operation of the Commercial Center in the same capacity as he occupied on the date of death of Merril R. Reller and as he now occupies, and shall pay him as compensation such sum as is fair and reasonable and necessary, but not in excess of compensation computed by using the method followed in fixing his compensation in the year 1967 as shown by the available records of the Commercial Center.

"The continued employment of Rollie C. Johnson in this capacity is in fulfillment of testator's intent that the Commercial Center be operated 'in as near the same manner as it is being operated on the date of my death.' This construction is not absolute and is subject to a special finding of a change of circumstances or condition requiring a change in the method of operation, or requiring a change in the distribution of the percentage of profits." This construction of the will was affirmed in Hays v. Johnson, 187 Neb. 307, 189 N. W. 2d 475.

Since the death of the testator, Johnson has continued to perform the same duties at the Commercial Center that he performed during the lifetime of Reller. In addition to these duties, he now does a number of things that Reller handled personally. Johnson negotiates with tenants, handles complaints from them, and generally represents the Commercial Center in the day-to-day operation of the Center. The trailer court has been enlarged somewhat and has operated at about 100 percent of capacity. There is no evidence of any dissatisfaction with Johnson's performance of his duties. The evidence sustains a finding that his performance has been satisfactory during the period involved.

The monthly settlement sheets for 1967 show Johnson received $17,131.30 that year. He reported only

$10,190.12 as income for tax purposes which was the amount shown on the partnership information return filed by Reller for 1967. The difference is probably due to the deductions for taxes, depreciation, and other expenses claimed on the partnership return. For the last 5 months in 1968 Johnson was paid $5,298 by the trustee. He has been paid $1,000 per month during 1969, 1970, and 1971.

An accountant employed by the cross-appellant, using a formula in which Johnson would receive 38 percent of trailer court rentals, 50 percent of certain apartment rentals, $30 per month of the rent paid by the labor union, and 50 percent of electric "long," and would pay 50 percent of all expenses shown on the settlement sheets and 50 percent of electric "short," computed the amount due Johnson as $8,511.36 for the last 5 months of 1968, $21,609.38 for 1969, $23,909.53 for 1970, and $19,856.56 for 1971.

Johnson, using a formula of 40 percent of the "net income" of the trust before payments to either Johnson or the life income beneficiary, claims he should receive $7,815.68 for the last 5 months of 1968, $24,182.02 for 1969, $25,355.28 for 1970, and $24,967.97 for 1971. Apparently, Johnson's theory is based upon the partnership information return for 1967 in which he was allocated 40 percent of $25,475.33 or $10,190:12. We think the formula disclosed by the settlement sheets for 1967 is a more reliable method of determining what Johnson's compensation would have been if the method used in 1967 had been continued after August 1, 1968.

Johnson claims he is entitled to the rent from the barber shop and the M & M TV shop which amounts to $1,800 per year. This rent was not accounted for on the 1967 settlement sheets and the available records of the Commercial Center do not show that Johnson received it or was entitled to receive it.

Johnson also claims that some of the expenses shown on the settlement sheets after August 1, 1968, are not

chargeable against his share of income. Thus, the allocation of 50 percent of all expenses to Johnson by the accountant would understate his compensation on the basis of the 1967 formula.

The judgment in Hays v. Johnson, *supra,* directed the trustee to pay Johnson such compensation as was fair and reasonable and necessary but not to exceed an amount computed by using the method followed in 1967 as shown by the available records of the Commercial Center. Upon the record presented we believe the compensation to Johnson for the periods in question should be fixed at an amount substantially equivalent to compensation determined by the 1967 formula. We determine this amount to be $2,000 per month and direct that the judgment in each case be modified accordingly.

The judgments as modified are affirmed.

AFFIRMED AS MODIFIED.