SHELLY SLAGLE, PERSONAL REPRESENTATIVE OF THE ESTATE OF MARIA SLAGLE, DECEASED, APPELLANT, V. J.P. THEISEN & SONS, INC., DEFENDANT, D.P. SAWYER, INC., ALSO KNOWN AS CONSTRUCTION SIGNING OR CONSTRUCTION SIGNING LITES AND BARRICADES, DEFENDANT AND THIRD-PARTY PLAINTIFF, AND STATE OF NEBRASKA, THIRD-PARTY DEFENDANT, APPELLEES.

560 N.W.2d 758

Filed March 7, 1997.   No. S-95-156.

Robert W. Mullin, of Van Steenberg, Chaloupka, Mullin, Holyoke, Pahlke, Smith, Snyder & Hofmeister, P.C., for appellant.

William T. Wright, of Jacobsen, Orr, Nelson, Wright, Harder & Lindstrom, P.C., for appellee J.P. Theisen & Sons.

Gary J. Nedved, of Bruckner, O'Gara, Keating, Hendry, Davis & Nedved, P.C., for appellee D.P. Sawyer.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, and GERRARD, JJ., and FLOWERS, D.J., and BOSLAUGH, J., Retired.

WHITE, C.J.

Shelly Slagle, as the personal representative of the estate of Maria Slagle, appeals from the trial court's grant of summary judgment in favor of defendants J.P. Theisen & Sons, Inc. (Theisen) and D.P. Sawyer, Inc. (Sawyer). We reverse, and remand for further proceedings.

For several weeks prior to April 1992, Highway 70 had been under construction but open to traffic. However, on April 1, the State of Nebraska prepared and approved a signing and traffic control plan which authorized the removal of a bridge in the construction zone. This signing plan provided for three "road

closed" barricades at the east and west ends of Highway 70, a "road closed" sign on each end, a detour sign pointing away from the project at each end, and "road closed to through traffic" signs posted on what the State determined to be the three main county roads intersecting Highway 70. The signing plan was implemented on April 1, prior to the removal of the bridge, which occurred that afternoon. Sawyer, the signing and barricade subcontractor for the project, also asked for and received authorization from the project manager to place a barricade on each side of the bridge excavation with a "bridge out" sign and flashing light and located in the approximate middle of the road.

On her way to work on April 2, Maria Slagle (Maria) entered Highway 70, although the record is unclear as to whether Maria entered Highway 70 by driving between the barricades at the west end of the project, by driving past the barricades on one of the main intersecting county roads, or by entering Highway 70 via one of the unmarked and less traveled intersecting county roads. The record is clear, however, that at approximately 5:30 a.m. Maria drove around the "bridge out" sign and barricade at the bridge excavation site, drove off a 6-inch drop located 6 feet past the sign, continued over 74 feet of dirt and torn-up pavement, launched off the side of the excavation, and was killed.

Shelly Slagle (Slagle), as the personal representative of the estate of Maria Slagle, filed a wrongful death action, alleging essentially that Theisen—the contractor on the project—and Sawyer negligently placed barricades and signs at the site of the accident so as to fail to provide adequate warning of danger to drivers using the roadway. Theisen and Sawyer both filed motions for summary judgment, arguing that Neb. Rev. Stat. § 39-1345.02 (Reissue 1993) exempts them from liability in this case.

On February 7, 1995, the trial court granted Theisen's and Sawyer's motions for summary judgment, finding that both parties were exempt from liability under § 39-1345.02 because they had followed precisely the signing plans provided by the State. The trial court also found that Maria was contributorily negligent in excess of 50 percent as a matter of law so as to bar any recovery.

Slagle timely filed an appeal in the Nebraska Court of Appeals. We removed the case to this court pursuant to our power to regulate the docket of the Court of Appeals.

On appeal and as summarized, Slagle alleges that the trial court erred in (1) determining that § 39-1345.02 applied to traffic control plans at construction sites and exempted Theisen and Sawyer from liability because they followed the signing plans provided by the State and (2) granting summary judgment as to Maria's contributory negligence when that issue was not presented by the pleadings.

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Larkin v. Ethicon, Inc., ante* p. 169, 556 N.W.2d 44 (1996). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Olson v. SID No. 177, ante* p. 380, 557 N.W.2d 651 (1997); *Larkin, supra.*

Slagle alleges first that the trial court erred in determining that § 39-1345.02 applied to traffic control plans at construction sites and exempted Theisen and Sawyer from liability because they followed the signing plans provided by the State. The interpretation of this statutory section is an issue of first impression before this court. Slagle argues that § 39-1345.02 applies to exempt contractors from liability only when a road under construction is open to traffic and that traffic causes damage to the actual construction project. We agree with this interpretation of the statute.

In construing a statute, a court must look to the statute's purpose and give to the statute a reasonable construction which best achieves that purpose, rather than a construction which would defeat it. *Village of Winside v. Jackson,* 250 Neb. 851, 553 N.W.2d 476 (1996); *In re Interest of Jaycox,* 250 Neb. 697, 551 N.W.2d 9 (1996). Further, the components of a series or collection of statutes pertaining to a certain subject matter may be conjunctively considered and construed to determine the

intent of the Legislature so that the different provisions of the act are consistent, harmonious, and sensible. *Anderson v. Nashua Corp.*, 246 Neb. 420, 519 N.W.2d 275 (1994); *In re Application of City of Lincoln*, 243 Neb. 458, 500 N.W.2d 183 (1993). In construing a statute, it is presumed that the Legislature intended a sensible, rather than an absurd, result. *In re Interest of Jaycox, supra.*

Neb. Rev. Stat. § 39-1345.01 (Reissue 1993) and § 39-1345.02 were passed together as part of the same bill, L.B. 1006, in 1969. See 1969 Neb. Laws, ch. 310, §§ 1 and 2, pp. 1114-15. Section 39-1345.01 states:

> Whenever the Department of Roads . . . permits the public use of a highway undergoing construction, repair, or maintenance in lieu of a detour route, the contractor shall not be held responsible for *damages to those portions of the project upon which the department has permitted public use*, when such damages are the result of no proximate act or failure to act on the part of the contractor, *except in those instances where traffic upon the portion being constructed was contemplated in the specifications.*

(Emphasis supplied.) Section 39-1345.02 provides, "A contractor shall not be held responsible, either during construction or after construction is completed, for damages which may result from or be due to inadequate, faulty, or insufficient design, plans, or specifications."

Theisen and Sawyer argue that § 39-1345.02 on its face exempts contractors for *any* damages which occur due to faulty design, plans, or specifications, and include in their interpretation of the statute damages allegedly suffered by and to members of the traveling public. Slagle argues that the definition of damages in § 39-1345.01 limiting damages to only those caused to the actual construction project also applies to the word "damages" as it appears in § 39-1345.02.

Sections 39-1345.01 and 39-1345.02 are component sections of a series of statutes. We are bound to interpret "damages" as that word is used in both sections so as to reach a sensible, harmonious, and not an absurd result, as well as a result which best achieves the purposes of the statute. See, *Village of Winside, supra*; *Anderson, supra; In re Application of City of Lincoln, supra.*

Clearly, § 39-1345.01 exempts contractors from liability for damages caused to the public works by the public allowed to travel on the highway under construction, except where the specifications contemplated that the public would travel on the highway during construction. Just as clearly, § 39-1345.02 provides an exception to the general rule set forth in § 39-1345.01. Section 39-1345.02 states that if the contractors follow the specifications, but those specifications are inadequate, faulty, or insufficient and so the traveling public still damages the public works despite the implementation of the specifications, the contractors will not then be liable for those damages.

Since we find that the language of §§ 39-1345.01 and 39-1345.02 clearly exempts contractors from liability only in the circumstances in which damage is caused to the public works by the traveling public and does not apply to damages suffered by the traveling public, we find the trial court's grant of summary judgment to Theisen and Sawyer on this basis to have been in error.

Slagle's second assignment of error alleges that the trial court erred in finding that Maria was contributorily negligent when that issue was not presented by the pleadings. We agree.

We have stated unequivocally that a court may not enter a summary judgment on an issue not presented by the pleadings. *Frerichs v. Nebraska Harvestore Sys.*, 226 Neb. 220, 410 N.W.2d 487 (1987). Neither Theisen's nor Sawyer's motion for summary judgment requested a ruling by the trial court as to Maria's alleged contributory negligence. Absent such a reference in these pleadings, the trial court could not and should not have ruled on this issue. Therefore, we find that the trial court's finding that Maria was contributorily negligent in excess of 50 percent as a matter of law was also in error.

Because we find that § 39-1345.02 does not exempt contractors from liability for damages allegedly suffered by a member of the traveling public on a highway under construction and because we find that the issue of Maria's contributory negligence was not before the trial court, we reverse the grant of summary judgment in favor of Theisen and Sawyer and remand the cause for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.