REQUESTED BY: Keith Fickenscher, Director Nebraska Department of Veterans' Affairs
You have requested an opinion from this office regarding the extent to which a county veterans service officer may engage in a private financial enterprise to provide certain services to veterans residing outside of the service officer's assigned county. We note that this opinion request is prompted by a specific inquiry which you have received from a county veterans service officer ["CVSO"]. The Nebraska Attorney General does not provide legal advice to private citizens. See Op. Att'y Gen. No. 95-001 (January 3, 1995); Op. Att'y Gen. No. 157 (December 20, 1985); 1977 Op. Att'y Gen. 217 (Opinion No. 144, dated November 15, 1977). You have, however, indicated that the outcome of our opinion would potentially impact upon other county service officers who may decide to pursue the same course of action as that being inquired of herein. Under that circumstance, we have determined that addressing your inquiry is appropriate.[1]
[1] This opinion should not be construed as providing advice to the private individual who brought this matter to your initial attention. As indicated in the following discussion, both the appropriate county attorney and the Nebraska Accountability and Disclosure Commission have issued legal opinions to that individual regarding the specific facts of his inquiry.
 Background
On September 17, 1997, the Buffalo County Veterans Service Officer requested a legal opinion from the Buffalo County Attorney as to whether the CVSO was legally able to establish a "private practice" in order to provide certain services to veterans residing outside of Buffalo County. Via his October 7, 1997, opinion, the Buffalo County Attorney concluded that the CVSO was prohibited from providing, on a private basis, those services which the CVSO was being paid to provide as a public officer.
Unsatisfied with the county attorney's legal opinion, the CVSO subsequently requested that an opinion be rendered on this issue by the Nebraska Accountability and Disclosure Commission. In response to the CVSO request, a staff opinion was issued by the Commission's legal counsel on January 2, 1998.[2]
Since we agree, in pertinent part, with the conclusions asserted in the staff opinion which has already been issued, we take this opportunity to set forth several of those conclusions. The question at issue in the opinion was whether state law would prohibit a CVSO from charging a fee for serving as a veteran's accredited "agent"[3] before the U.S. Department of Veterans' Affairs so long as the veteran is not otherwise eligible for the CVSO's official services. Summarized, the opinion concluded as follows:
 1. The CVSO would be prohibited from directing county personnel or using county property to engage in activity associated with the private enterprise;
 2. The CVSO could not use confidential information, obtained through public employment, in connection with the private enterprise;
 3. The CVSO, while engaged in public duties, could not refer individuals to a private enterprise;
 4. The CVSO could not perform privately for any person for pay any service which is required to be provided as part of the CVSO's public duties.
What remains at issue is whether representation, on behalf of a veteran, as an accredited "agent" for work on a federal benefit claim is work that a CVSO would perform as part of his or her public duties. Resolution of the issue requires a review of applicable state and federal statutes.
Statutes Governing County Veterans Service Officer Duties.
The Nebraska Department of Veterans' Affairs has been designated as the state agency charged with advocacy efforts on behalf of veterans. Neb. Rev. Stat. § 80-401.02 (Supp. 1997). To assist the Department in the performance of its duties, each county board is required to appoint a county veterans service committee. Neb. Rev. Stat. § 80-406 (1996). Each county veterans service committee "shall cooperate with and assist the Department of Veterans' Affairs in the performance and discharge of its duties and functions." Neb. Rev. Stat. §80-407 (Supp. 1997). In order to provide that assistance to the state department, the county service committees are required to appoint a county veterans service officer ["CVSO"]. Neb. Rev. Stat. § 80-407 (Supp. 1997). County Boards are authorized to appoint a CVSO to serve more than one county. Id.
The CVSO works as a permanent, full-time employee of the county, unless the county board and the county service committee have determined that the work required by the CVSO may be adequately provided on a permanent part-time basis. Id. In addition to their general duty to assist the Nebraska Department of Veterans' Affairs, the CVSOs are specifically required by statute to:
 • intake, process, and forward from any veteran an application for admission to one of the state veterans' homes (Neb. Rev. Stat. § 80-317 (Supp. 1997));
 • receive, process, and forward to the Nebraska Veterans' Aid Fund applications from any eligible person whose residence is nearest to the CVSO (Neb. Rev. Stat. § 80-401.03 (Supp. 1997)); and
 • intake, process, and forward any application for a waiver of tuition benefit (Neb. Rev. Stat. § 80-412
(1996)).
CVSOs may also be required to perform other specific functions pursuant to personnel policies or job descriptions which have been, or may be, established by the county employers.[4]
Representation of Veterans Regarding Federal Benefit Claims.
Veterans are entitled to many benefits under programs administered by the U.S. Department of Veterans' Affairs ["USVA"]. Once a dispute regarding a particular veteran's benefit arises, federal law generally prohibits any individual from acting as "an agent or attorney in the preparation, presentation, or prosecution of any claim under laws administered by the [USVA] unless such individual has been recognized for such purposes by the Secretary [of the USVA]." 38 U.S.C. § 5901 (1991).
An individual may be "recognized" to pursue veterans' claims on a regular basis before the USVA in one of three ways.[5] First, the individual can pursue recognition as an accredited member of one of the organizations approved by the USVA (e.g., American Legion; Veterans of Foreign Wars; Disabled American Veterans; etc). 38 U.S.C. § 5902 (1991);38 C.F.R. § 14.628 (1997). Second, the USVA may recognize any individual as an accredited "agent" for purposes of pursuing veterans' benefits claims. 38 U.S.C. § 5904 (1991 Supp. 1997); 38 C.F.R. § 14.629 (1997). Finally, the USVA may recognize licensed attorneys to pursue claims. Id.
Either an accredited representative, or an accredited agent, or an attorney may initiate a benefit claim on behalf of a veteran. Those claims are initiated by filing an application before the USVA. If a claim is denied by the USVA, then an appeal of that decision may, within one year, be lodged with the Board of Veterans' Appeals ["BVA" or "Board"]. 38 U.S.C. § 7104
— § 7105 (1991). If the BVA renders a decision adverse to the veteran, then that decision may be appealed, within 120 days, to the U.S. Court of Veterans Appeals. 38 U.S.C. § 7251 § 7266(a) (1991 Supp. 1997). Within 30 days after the Court renders its determination, a final appeal may be filed with the U.S. Court of Appeals for the Federal Circuit. 38 U.S.C. § 7292.
Discussion
Again, the question we have been asked to address is whether the pursuit, on behalf of a veteran, of a federal benefit claim entails work that a CVSO would perform as part of his or her public duties. If a CVSO's public duties already encompass the pursuit of federal benefit claims, then the CVSO would, under the "Nebraska Accountability and Disclosure Act," be precluded from engaging in a private financial enterprise to pursue those claims. Neb. Rev. Stat. § 49-14,101 (3).
To resolve this matter, we construe the applicable statutes in accordance with several well-established principles. First, we are bound by the plain and ordinary meaning of the statutes.Nickel v. Saline County School Dist., 251 Neb. 762, 559 N.W.2d 9
(1997). Also, we must construe the statutes in a manner that would achieve their purpose, rather than in a manner that would defeat the statutory purpose. Slagle v. J.P. Theisen Sons,Inc., 251 Neb. 904, 560 N.W.2d 758 (1997). Finally, the pertinent statutes are to be construed so as to avoid reaching an absurd, unconscionable, or unjust result. Southeast Rural FireDep't v. Neb. Dep't of Revenue, 251 Neb. 852, 560 N.W.2d 436
(1997).
Nebraska statutes do not specify that a CVSO must pursue federal benefit claim applications on behalf of veterans. State law, does, however, clearly require county service committees to "cooperate with and assist the Department of Veterans' Affairs in the performance and discharge of its duties and functions." Neb. Rev. Stat. § 80-407 (Supp. 1997). Thus, in addition to duties related to county aid fund claims, a CVSO also must assist the state agency in its advocacy functions. As part of those functions, the Nebraska Department of Veterans' Affairs pursues federal benefit claims before the USVA, the Board of Veterans' Appeals, and the Court of Veterans Appeals.
As the state agency already pursues federal claims on behalf of all Nebraska veterans, it would seem an absurd result to conclude not only that a CVSO has no duty to assist the State with that process, but, too, that the CVSOs could engage in a private financial venture to pursue those claims. We therefore deem it likely that Nebraska statutes governing the CVSOs, while silent with regard to this particular issue, would not be construed by a court to allow service officers to perform, for private financial gain, work with regard to federal benefit claims. In reaching this determination, we acknowledge that state law is not clear on the issue. We do, however, believe that a construction of the governing federal statutes bolsters our conclusion.
In accordance with 38 U.S.C. § 5902 (1991), a CVSO may, as part of his or her public duties, represent a veteran before the USVA, the BVA, and the Court of Veterans Appeals as an accredited representative of a recognized organization. Seealso 38 C.F.R. § 14.628 (1997). The "National Organization of County Veterans Service Officers" is an organization presently recognized by the USVA. Any CVSO electing to become a member of that organization and satisfying the organization's requirements for "accreditation" to practice before the USVA, could file claims before the USVA on behalf of veterans. No fees may be charged by accredited representatives for work done on behalf of veterans. 38 U.S.C. § 5902(b)(1991).
Given that CVSOs may, under current law, already pursue claims before the USVA, we find it would be an absurd construction of the federal statutes to conclude that a CVSO could, concurrent with his or her official duties, engage in this endeavor on a private basis by assessing veterans fees for the same service.
Sincerely,
 DON STENBERG Attorney General
 Lauren L. Hill Assistant Attorney General
APPROVED:
Don Stenberg 
Attorney General
[2] Pursuant to Neb. Rev. Stat. § 49-14,123(10) (Supp. 1997), the Commission is specifically authorized to issue and publish advisory opinions regarding parameters of the Nebraska Accountability and Disclosure Act as applied to specific instances. Once issued, those opinions are binding upon the Commission and may be relied upon, generally, by the requester of the opinion. The "staff opinion" issued on January 2, 1998, however, was not a full Commission opinion.
[3] The term "agent" is defined as a person who has met the standards and qualifications required by the U.S. Department of Veterans Affairs. See 38 U.S.C. § 5904(1991);38 C.F.R. § 14.627(b) (1997).
[4] There are presently 86 county veteran service officers in Nebraska. We have not been supplied with personnel policies covering each of these CVSOs; therefore, our analysis does not address additional duties which may have been established for CVSOs by various counties.
[5] One additional method of "recognition" by the USVA exists, but it is not applicable to your inquiry, and, therefore, is not discussed. See 38 U.S.C. § 5903.