WALLACE JOSEPH BIG CROW, FATHER OF DECEASED
AND AS ADMINISTRATOR OF THE ESTATE OF
RICHARD LEE BIG CROW, DECEASED, APPELLANT, V.
CITY OF RUSHVILLE, NEBRASKA, APPELLEE.

669 N.W.2d 63

Filed September 26, 2003. No. S-01-1055.

Rena M. Atchison, of Abourezk & Zephier, P.C., for appellant.

Terrance O. Waite and Keith A. Harvat, of Waite, McWha & Harvat, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

This appeal presents procedural issues arising under Nebraska's Political Subdivisions Tort Claims Act. The Nebraska Court of Appeals reversed a summary judgment entered by the district court for Sheridan County in favor of the City of Rushville (the City) and remanded the cause for further proceedings in the district court. *Big Crow v. City of Rushville*, 11 Neb. App. 498, 654 N.W.2d 383 (2002). We granted the City's petition for further review and now affirm the judgment on appeal, although our reasoning differs in some respects from that of the Court of Appeals.

## FACTS

The uncontroverted facts upon which the district court entered summary judgment are fully set forth in the opinion of the Court of Appeals, and we therefore include only those most relevant to the resolution of this appeal. See *Big Crow v. City of Rushville, supra.* In the early morning hours of November 1, 1998, Richard Lee Big Crow (Richard) was killed in a motor vehicle-pedestrian accident approximately one-half mile outside the City. Wallace Joseph Big Crow (Big Crow), the administrator of Richard's estate, served written notice of a claim against

the City pursuant to the Political Subdivisions Tort Claims Act, Neb. Rev. Stat. §§ 13-901 to 13-926 (Reissue 1997), on October 26, 1999. The City did not respond to the claim, and on April 21, 2000, Big Crow filed suit in the district court for Sheridan County. Section 13-906 provides:

> No suit shall be permitted under the Political Subdivisions Tort Claims Act . . . unless the governing body of the political subdivision has made final disposition of the claim, except that if the governing body does not make final disposition of a claim within six months after it is filed, the claimant may, by notice in writing, withdraw the claim from consideration of the governing body and begin suit . . . .

It is undisputed that Big Crow filed suit 7 days prior to the end of the 6-month period prescribed in § 13-906 without first withdrawing his claim from the City.

After filing an answer, the City filed a motion for summary judgment on the ground that "[t]he pleadings, discovery responses, depositions and affidavits show that there is no genuine issue as to any material fact regarding issues raised in the Plaintiff's Amended Petition and that the Defendant is therefore entitled to judgment as a matter of law." Big Crow filed responsive briefs in which he essentially acknowledged that the only issue to be resolved on summary judgment was whether the suit was timely filed, but specifically objected to the issue's being addressed on summary judgment when it was not raised in the City's answer. The trial court sustained the City's motion for summary judgment, finding that Big Crow failed to comply with the time requirements of § 13-906.

Big Crow appealed, arguing both that the trial court erred in addressing the affirmative defense of noncompliance with the act when the City did not raise the defense in its answer and that he had substantially complied with the requirements of the act. *Big Crow v. City of Rushville, supra.* The Court of Appeals determined that noncompliance with § 13-906 is an affirmative defense that must be raised by a party. It further determined that the defense was not pled in the City's answer, but that the right to have the defense specifically pled was waived because Big Crow's counsel was aware that the issue was being asserted by the City as a basis for summary judgment. The Court of Appeals

further concluded that Big Crow's filing of suit in the district court 7 days prior to the expiration of the 6-month period set forth in § 13-906 substantially complied with the act, and thus it reversed the judgment of the district court.

## ASSIGNMENTS OF ERROR

In its petition for further review, the City assigns, restated, that the Court of Appeals erred in (1) interpreting the Political Subdivisions Tort Claims Act, (2) determining that filing suit before the 6-month period has expired is substantial compliance with the act, (3) determining that the City was not prejudiced by the early filing, and (4) reversing the district court's order granting the City summary judgment.

## STANDARD OF REVIEW

 Summary judgment is proper when the pleadings and the evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Hamilton v. Nestor*, 265 Neb. 757, 659 N.W.2d 321 (2003); *Bennett v. Labenz*, 265 Neb. 750, 659 N.W.2d 339 (2003). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Borley Storage & Transfer Co. v. Whitted*, 265 Neb. 533, 657 N.W.2d 911 (2003); *Whipps Land & Cattle Co. v. Level 3 Communications*, 265 Neb. 472, 658 N.W.2d 258 (2003).

## ANALYSIS

The City's primary argument is that the Court of Appeals erred in concluding that filing suit 7 days prior to the expiration of the 6-month period prescribed by § 13-906 is substantial compliance with the act. The Court of Appeals relied upon *Chicago Lumber Co. v. School Dist. No. 71*, 227 Neb. 355, 417 N.W.2d 757 (1988). In that case, we addressed whether a letter sent by the plaintiff to a political subdivision " 'set forth the time and place of the occurrence giving rise to the claim and such other facts pertinent to the claim as are known to the claimant' " when it failed to give the exact time and precise location of the occurrence. *Id.* at 361, 417

N.W.2d at 761. See § 13-905 (previously codified at Neb. Rev. Stat. § 23-2404 (Reissue 1983)). We held that the "claim" required by this section was intended to give a political subdivision notice of possible liability for its recent act or omission and that the notice requirements of the Political Subdivisions Tort Claims Act should be liberally construed so as to not deny relief to a meritorious claim. Because the written claim gave general notice of the time and place of the occurrence, we held that it substantially complied with the requirements of the act.

Unlike the statutory notice provision at issue in *Chicago Lumber Co., supra,* § 13-906 does not state general requirements. Rather, it explicitly states that no suit can be brought in district court unless 6 months have passed without a resolution of a properly filed claim by the political subdivision. In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Gourley v. Nebraska Methodist Health Sys.,* 265 Neb. 918, 663 N.W.2d 43 (2003); *In re Estate of Pfeiffer,* 265 Neb. 498, 658 N.W.2d 14 (2003). Because compliance with statutory time limits such as that set forth in § 13-906 can be determined with precision, the doctrine of substantial compliance has no application in these circumstances. We therefore specifically disapprove the holding of the Court of Appeals in this regard.

There remains, however, the question of whether noncompliance with § 13-906 was properly raised as an issue before the district court. As a starting point for this analysis, we agree with the Court of Appeals that "[n]oncompliance with § 13-906 must . . . be pled as an affirmative defense." *Big Crow v. City of Rushville,* 11 Neb. App. 498, 503, 654 N.W.2d 383, 388 (2002). In *Cole v. Isherwood,* 264 Neb. 985, 653 N.W.2d 821 (2002), released within days of the Court of Appeals' opinion in this case, we addressed the effect of a plaintiff's failure to comply with Neb. Rev. Stat. § 81-8,213 (Reissue 1996), a provision of the State Tort Claims Act. Section 81-8,213 provides in relevant part that a claim filed with the State Claims Board may be withdrawn and suit initiated in district court only if the board has not acted on the claim within 6 months. This provision in the State

Tort Claims Act is the functional equivalent of § 13-906. *Cole* held that a plaintiff's failure to comply with the provisions of § 81-8,213 was an affirmative defense that must be raised by a defendant in an answer or demurrer. Generally, provisions in the Political Subdivisions Tort Claims Act should be construed in harmony with similar provisions in the State Tort Claims Act. *Cole v. Isherwood, supra*; *Jasa v. Douglas County*, 244 Neb. 944, 510 N.W.2d 281 (1994). Because the 6-month requirement in § 13-906 is substantially similar to the 6-month requirement in § 81-8,213, we conclude, as did the Court of Appeals, that noncompliance with § 13-906 is an affirmative defense.

While not disputing this point, the City argues that the Court of Appeals erred in determining that it failed to plead the defense in its answer and requests that we reverse this determination on further review. In his brief on further review, Big Crow argues that the Court of Appeals correctly determined that the City failed to plead noncompliance with § 13-906 as an affirmative defense, but erred in concluding that this failure did not constitute a waiver of the defense. We consider these arguments as relating to a single issue which is properly before us on further review, namely, whether the City waived the affirmative defense of noncompliance with § 13-906 by failing to plead it.

In its answer, the City generally admitted that it did not make final disposition of the claim after receiving notice pursuant to the act. It generally denied all allegations not admitted, and alleged that the operative amended petition "fails to state a cause of action against this Defendant, a political subdivision of the State of Nebraska." Although the answer asserts the affirmative defenses of comparative negligence and assumption of risk, there is no affirmative allegation that the claim is barred by Big Crow's noncompliance with § 13-906.

In *Millman v. County of Butler*, 235 Neb. 915, 932, 458 N.W.2d 207, 217 (1990), we held that a general denial included in the answer filed by a political subdivision did not raise the issue of noncompliance with the notice provision of the act which, we said, "must be raised as an affirmative defense specifically expressing the plaintiff's noncompliance with the notice requirement of § 13-905." Applying the same reasoning, we conclude that the general admissions and denial set forth in the

City's answer in this case do not expressly raise an affirmative defense based upon noncompliance with § 13-906. For the same reason, this defense was not raised by the City's general allegation that the petition failed to state a cause of action. See *Cole v. Isherwood*, 264 Neb. 985, 653 N.W.2d 821 (2002). Thus, we agree with the Court of Appeals' determination that the City did not raise the affirmative defense of noncompliance in its answer.

We disagree, however, with the Court of Appeals' determination that the City's failure to plead the defense was in some manner excused or waived by the fact that Big Crow's attorney was aware that the City was asserting it as a basis for summary judgment. In this regard, the Court of Appeals relied upon a document filed by Big Crow's counsel in the district court expressing her understanding, after conferring with counsel for the City, that the only issue to be addressed in the summary judgment proceeding was "the legal issue of sufficient notice to the City of Rushville." Neither this document nor the City's previously filed motion for summary judgment make any reference to a defense based upon noncompliance with § 13-906. Moreover, in a document subsequently filed with the district court entitled "Plaintiff's Final Response in Opposition to Defendant's Motion for Summary Judgment," Big Crow's counsel argued that any claim of noncompliance with the notice provisions of the act "is an affirmative defense which must be specifically plead in the answer or a demurrer," and that the City failed to do so. This statement is directly contrary to the Court of Appeals' conclusion that "Big Crow waived any right to avoid, by relying on the City's failure to specifically plead the defense, the defense of noncompliance with the [Political Subdivisions Tort Claims] Act." *Big Crow v. City of Rushville*, 11 Neb. App. 498, 505, 654 N.W.2d 383, 389 (2002).

Of greater concern, however, is the legal premise upon which the Court of Appeals based this factual conclusion; namely, that "[i]f a defendant can waive a defense by not asserting it, it logically follows that a plaintiff can waive the right to have a defense specifically pled." *Id.* at 504-05, 654 N.W.2d at 389. The Court of Appeals found support for this proposition in *DeCosta Sporting Goods, Inc. v. Kirkland*, 210 Neb. 815, 316 N.W.2d 772 (1982), where we held that a res judicata defense

specifically raised in a defendant's motion for summary judgment filed *prior* to answer was sufficient to afford the plaintiff notice of the defense. The instant case is distinguishable in that the motion for summary judgment was filed *subsequent* to the answer, and *neither* document made specific reference to a defense based upon noncompliance with § 13-906.

The circumstances of this case more closely resemble those before us in *Welsch v. Graves*, 255 Neb. 62, 582 N.W.2d 312 (1998). There, a patient brought a professional negligence action against a substance abuse treatment center and a counselor. The defendants did not demur to the petition and did not assert a statute of limitations defense in their answer. Instead, they asserted the defense for the first time in a motion for summary judgment filed after their answer. We held that a statute of limitations defense is waived unless asserted by demurrer or answer, reasoning that a court may not enter summary judgment on an issue not presented by the pleadings, and that the only pleadings allowed in Nebraska are the petition, the answer or demurrer by the defendant, the demurrer or reply by the plaintiff, and the demurrer to the reply by the defendant. *Id.*, citing *Slagle v. J.P. Theisen & Sons*, 251 Neb. 904, 560 N.W.2d 758 (1997), and Neb. Rev. Stat. § 25-803 (Reissue 1995).

The purpose of pleadings is to frame the issues upon which a cause is to be tried, and the issues in a given case will be limited to those which are pleaded. *Welsch v. Graves, supra*; *Buffalo County v. Kizzier*, 250 Neb. 180, 548 N.W.2d 757 (1996). This principle, as applied in *Welsch*, controls this case. The City waived the issue of noncompliance with § 13-906 by not affirmatively alleging it in its answer, and the issue was therefore not presented by the pleadings when the City's motion for summary judgment was submitted to the district court. We need not consider whether the defense could have been asserted by amended answer prior to submission of the motion for summary judgment because there is no indication in the record that the City ever sought to do so.

## CONCLUSION

Because noncompliance with § 13-906 is an affirmative defense which the City did not plead and therefore waived, the

district court erred in entering summary judgment in favor of the City on the ground that Big Crow had not complied with the time limitations imposed by that statute. Upon further review from a judgment of the Court of Appeals, this court will not reverse a judgment which it deems to be correct simply because its reasoning differs from that employed by the Court of Appeals. *Rush v. Wilder*, 263 Neb. 910, 644 N.W.2d 151 (2002). For reasons different from those stated by the Court of Appeals, we conclude that the summary judgment entered by the district court should be reversed, and we affirm the judgment of the Court of Appeals to that effect.

AFFIRMED.