754 N.W.2d 607 (2008)
276 Neb. 372
CRANE SALES & SERVICE CO., INC., Appellant,
v.
SENECA INSURANCE COMPANY, Appellee.
No. S-07-799.
Supreme Court of Nebraska.
August 8, 2008.
*608 Gregory C. Scaglione and R. Scott Johnson, of Koley Jessen, P.C., L.L.O., Omaha, for appellant.
Matthew V. Rusch, Thomas J. Culhane, and Katrina L. Smeltzer, of Erickson Sederstrom, P.C., Omaha, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
HEAVICAN, C.J.

FACTUAL BACKGROUND
Crane Sales & Service Co., Inc. (Crane), is in the business of leasing and servicing crane equipment. In the course of this *609 business, Crane, acting as lessor, entered into an equipment rental agreement dated December 10, 2002, with Duncan & Associates Crane Rentals, Inc. (Duncan), named as lessee. Per this agreement, Duncan was required to provide to Crane "an insurance certificate naming Crane ... as addi[ti]onal insured and loss payee." The certificate was to have a value of $150,000.
On December 11, 2002, Duncan provided Crane with a certificate of liability insurance and certificate of property insurance, which identified Seneca Insurance Company (Seneca) as insurer, Duncan as the insured, and Crane as the certificate holder. The certificate also stated that the "certificate holder is listed as Loss Payee and Additional Insured." The certificate noted that it was "issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policies below."
The record indicates that the equipment in question was in working order on the date the rental agreement was signed. However, in its complaint, Crane alleged that upon the return of the equipment to Crane, damage in the amount of $15,040.25 had been incurred. That damage was repaired, and Duncan was billed. Despite making written and oral demands on Duncan, Duncan never paid for the damage.
Crane brought suit against Duncan and Seneca on March 13, 2006, in Douglas County Court. Thereafter, on April 20, Seneca filed a motion to dismiss for failure to state a claim under Neb. Ct. R. Pldg. § 6-1112(b)(6). On May 26, Seneca filed a notice with the county court expressing its intent to introduce the affidavit of Ellen O'Connor in support of its motion to dismiss. O'Connor's affidavit was attached to Seneca's notice.
In that affidavit, O'Connor, a vice president with Seneca, averred that Seneca had issued a contractor's equipment policy to Duncan for the policy period from February 16, 2000, to February 16, 2001, and that the policy was continuously renewed through the policy period ending February 16, 2004. Portions of the applicable insurance policy were also attached as exhibits to O'Connor's affidavit.
A hearing was held on Seneca's motion to dismiss on August 24, 2006. At that hearing, one exhibitO'Connor's affidavit was introduced. Crane did not object to the introduction of evidence in general, or to O'Connor's affidavit in particular. On August 31, the court granted Seneca's motion, concluding that the policy issued to Duncan did not name Crane as an additional insured. The court also found that there was no contractual relationship between Crane and Seneca, and that without such a relationship, Crane lacked standing and could not maintain a direct action against Seneca. Finally, the court found that Crane lacked standing as a third-party beneficiary to the contract between Duncan and Seneca. As such, the county court dismissed Crane's suit as to Seneca. Default judgment had already been entered in Crane's favor against Duncan on June 21.
Crane appealed the decision of the county court to the district court on September 18, 2006. The district court affirmed the county court's decision on July 2, 2007. On July 18, Crane appealed to the Court of Appeals. We moved this case to our docket pursuant to our statutory authority to regulate the dockets of this court and the Nebraska Court of Appeals.[1]

ASSIGNMENTS OF ERROR
On appeal, Crane assigns that the district court erred by affirming the county *610 court's decision. In particular, Crane argues, restated, that the court erred by (1) not finding that Crane was a named insured under the insurance policy, (2) finding that Crane's status as a loss payee did not give it standing to file a direct claim under the policy, and (3) finding that Crane was not a third-party beneficiary of the policy.

ANALYSIS
We first consider, and find dispositive, a procedural issue presented in this case namely, whether the district court ruled on and dismissed Crane's action for the failure to state a claim under § 6-1112(b)(6) or whether Crane's motion had been converted to a motion for summary judgment.
It is clear that Seneca filed a motion to dismiss for failure to state a claim under § 6-1112(b)(6). The county court dismissed Crane's action for this reason. The parties brief this case as if it were decided under § 6-1112(b)(6). And at oral argument, both parties contended this case was dismissed for failure to state a claim under rule § 6-1112(b)(6).
Dismissal under rule § 6-1112(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.[2] An appellate court reviews de novo a lower court's dismissal of a complaint for failure to state a claim.[3] When analyzing a lower court's dismissal of a complaint for failure to state a claim, an appellate court accepts the complaint's factual allegations as true and construes them in the light most favorable to the plaintiff.[4]
As an initial matter, we agree with Crane that its complaint, considered alongside the certificate of insurance attached to the complaint,[5] when considered in a light most favorable to Crane, was sufficient to state a claim under § 6-1112(b)(6).
However, § 6-1112(b) also provides that when matters outside of the pleadings are presented by the parties and accepted by the trial court under § 6-1112(b)(6), the motion "shall be treated" as a motion for summary judgment. Matters outside the pleadings can include written or oral evidence either in support of or in opposition to the pleading which provides some substantiation for and does not merely reiterate what is said in the pleadings.[6] We have noted that when receiving evidence that converts a motion to dismiss into a motion for summary judgment, the trial court should give the parties notice of the changed status of the motion and a reasonable opportunity to present all material made pertinent to such a motion.[7]
The controlling procedural issue presented by this appeal, then, is whether this § 6-1112(b)(6) motion was converted to a motion for summary judgment. It is apparent that matters outside the pleadings, specifically O'Connor's affidavit, which included six exhibits, were presented and accepted by the trial court. We therefore conclude that under § 6-1112(b), Seneca's purported motion to dismiss for *611 failure to state a claim under § 6-1112(b)(6) was converted to a motion for summary judgment.
Having concluded that the motion was converted to a motion for summary judgment, we are next presented with the question of whether the county court provided the parties with adequate notice that the motion had been converted and whether the court provided Crane with a reasonable opportunity to present all material made pertinent to such a motion. We conclude that such was not given.
First, there is no evidence in the record that the county court explicitly alerted the parties to the fact that the motion to dismiss had been converted into a motion for summary judgment. In fact, a review of the record suggests that the county court itself might have been unaware that by accepting O'Connor's affidavit, § 6-1112(b) required it to treat the motion as a motion for summary judgment.
In addition, throughout these proceedings, both parties have treated Seneca's motion as a motion to dismiss under § 6-1112(b)(6), rather than as a motion for summary judgment. There is no indication from the record that at the time of the hearing, either party believed the motion had been converted into a motion for summary judgment. Both parties have briefed this case on appeal as if it were a motion to dismiss. At oral argument, both parties continued to maintain that it was a motion to dismiss, despite explicit questioning by this court regarding whether the motion might instead have been for summary judgment.
Finally, a review of the record demonstrates that while Crane did not object to the admission of O'Connor's affidavit, Crane also did not introduce any of its own evidence at the August 24, 2006, hearing, nor was it given the explicit opportunity to do so. And there is no indication from this record that Crane was given the opportunity to conduct discovery in this case. On appeal, Crane contends that if it were allowed to conduct discovery, it would be able to prove its standing as an additional insured.
We conclude that adequate notice of the conversion from a motion to dismiss to a motion for summary judgment was not provided and that Crane was not given a reasonable opportunity to present all material pertinent to a motion for summary judgment. We therefore reverse the decision of the district court affirming the dismissal of Crane's suit and remand the cause to the district court with directions to remand the matter to the county court for further proceedings.

CONCLUSION
Crane's motion to dismiss was converted to a motion for summary judgment under § 6-1112(b). However, the parties were not given sufficient notice of that conversion, nor was Crane provided with a reasonable opportunity to present any material it might find relevant to a motion for summary judgment. As such, we reverse the judgment of the district court and remand the cause to the district court with directions.
REVERSED AND REMANDED WITH DIRECTIONS.
NOTES
[1] Neb.Rev.Stat. § 24-1106(3) (Reissue 1995).
[2] Doe v. Omaha Pub. Sch. Dist., 273 Neb. 79, 727 N.W.2d 447 (2007).
[3] Id.
[4] Id.
[5] See Kellogg v. Nebraska Dept. of Corr. Servs., 269 Neb. 40, 690 N.W.2d 574 (2005).
[6] See Nebraska Coalition for Ed. Equity v. Heineman, 273 Neb. 531, 731 N.W.2d 164(2007).
[7] Id.