277 Neb. 516
IN RE ESTATE OF JOHN T. RONAN, SR., DECEASED. CHARLES H. WISEMAN, APPELLANT,
v.
JEAN T. RUWE AND DANIEL H. RUWE, COPERSONAL REPRESENTATIVES OF THE ESTATE OF JOHN T. RONAN, SR., DECEASED, APPELLEES.
No. S-08-062.
Supreme Court of Nebraska.
Filed April 3, 2009.
Nicholas J. Lamme, of Yost, Schafersman, Lamme, Hillis, Mitchell & Schulz, P.C., L.L.O., for appellant.
Bradley D. Holtorf and Shane J. Placek, of Sidner, Svoboda, Schilke, Thomsen, Holtorf, Boggy & Nick, for appellees.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.
GERRARD, J.
John T. Ronan, Sr., owned real estate that he wished to sell. Ronan agreed to pay the appellant, Charles H. Wiseman, a 4-percent commission if he found a buyer for the property. Wiseman found a purchaser for the real estate; however, Ronan died before paying Wiseman the commission. Wiseman filed this action seeking payment of the commission from Ronan's estate.
[1] Pursuant to the Nebraska Real Estate License Act (Act),[1] any person collecting a fee or commission on the sale of real estate must be a licensed real estate broker or salesperson unless he or she meets one of the exceptions provided in the Act. One such exception is when an individual is performing his or her duties as an attorney at law. The primary question presented in this case is whether Wiseman was exempted from the licensing requirement of the Act by performing duties as an attorney.
We conclude that Wiseman is barred from recovering any compensation for his services, because he acted as a broker under the Act without obtaining a real estate license and did not meet the requirements of the attorney exception.

FACTS
Ronan owned real estate in Costa Rica that he wished to sell. To facilitate the sale, Ronan, through his attorney, contacted Wiseman. At the time, Wiseman was licensed to practice law in Nebraska and South Carolina. Wiseman was not, however, a licensed real estate broker or salesperson under the Act.
Ronan wrote a letter to his personal attorney stating that if Wiseman "succeeds in introducing someone who actually buys the property, he will receive 4% of the selling price ($32,000.00)." Wiseman introduced Ronan to one of his clients, Thomas Ploskina, as a potential buyer. After the introduction, Ploskina traveled to Nebraska to meet with Ronan and discuss the property. During the negotiation, Wiseman performed various legal services for Ploskina, including some due diligence regarding the possible purchase of the property. As the discussions progressed, Wiseman, on behalf of Ploskina, drafted a "Letter of Understanding" proposing that Ploskina would purchase the property. But the letter was never signed, and Ronan rejected Ploskina's offer.
Apart from one telephone call with Ronan, Wiseman had no further involvement in the transaction. Eventually, Ploskina purchased the property through a corporation he formed with two others. The corporation was represented throughout the purchase of the property by a separate attorney. Ronan's attorney from Costa Rica attended the closing. Wiseman was not present at the closing on the property. Ronan died before paying Wiseman any commission.
Wiseman filed a statement of claim against Ronan's estate for breach of contract for "[fjailure to pay a finder[`]s fee" of 4 percent. The copersonal representatives of Ronan's estate disallowed the claim, and the issue was presented to the county court. The court found that Wiseman's claim for payment from Ronan was for a commission for the sale of the Costa Rica real estate and was not for services rendered in performance of his duty as an attorney at law. The court concluded that the commission was not exempt from the Act and granted summary judgment in favor of the estate. Wiseman appeals.

ASSIGNMENT OF ERROR
Wiseman assigns, consolidated and restated, that the county court erred in finding that Wiseman did not meet the exception to the license requirement of the Act contained in § 81-885.04(2).

STANDARD OF REVIEW
[2-4] When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court.[2] Summary judgment is proper where the facts are uncontroverted and the moving party is entitled to judgment as a matter of law.[3] In reviewing summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, giving that party the benefit of all reasonable inferences deducible from the evidence.[4]

ANALYSIS
The Act requires that all persons who act as real estate brokers, as defined therein, in exchange for a fee, must be licensed by the State Real Estate Commission.[5] And if a person acts as a real estate broker without a license, he or she cannot recover compensation for it, unless he or she falls within one of the statutory exceptions to the licensure requirement.[6] As relevant in this case, § 81-885.04(2) states that the Act does not apply to "[a]n attorney in fact under a duly executed power of attorney to convey real estate from the owner or lessor or the services rendered by any attorney at law in the performance of his or her duty as such attorney at law."
Wiseman argues that the county court erred in finding that he did not meet the § 81-885.04(2) exception to the license requirement of the Act. Wiseman asserts that because the services he provided to both Ronan and Ploskina were legal services, he was exempt from the Act's license requirement.
We turn first to the legal services Wiseman alleges he provided to Ronan. In essence, Wiseman claims that by acting as an attorney for Ronan, he was acting as an "attorney in fact under a duly executed power of attorney to convey real estate from the owner or lessor."[7] As proof that he was acting as Ronan's attorney, Wiseman points to his affidavit. In the affidavit, Wiseman asserted that he "was acting as an Attorney for . . . Ronan as confirmed by him in the Sixth paragraph of a letter to my father, Mike Wiseman, from . . . Ronan. . . dated December 9, 2004 in which Ronan confirmed that I was performing legal services by stating that I would have 'legal charges.'"
However, Wiseman's bare conclusion that he was acting as Ronan's attorney is not supported by the record. In his deposition, Wiseman admitted that he was not performing legal work for Ronan and was not Ronan's attorney. Wiseman also admits that when the Costa Rica real estate transaction was completed, Ronan had another attorney. There is no evidence in the record that Wiseman performed any services for Ronan that would have required him to be a member of the bar or that Wiseman actually conveyed property under a power of attorney. Based on the record, we conclude that Wiseman was not acting as an attorney for Ronan and therefore was not excluded from the license requirement of the Act.
Wiseman also claims that he is exempted from the license requirement because he was acting as an attorney for Ploskina. This argument is presumably based on the second part of § 81-885.04(2), which excludes from the license requirement "the services rendered by any attorney at law in the performance of his or her duty as such attorney at law." Wiseman claims that because he was providing services in the performance of his duty as an attorney at laweven if not for the owner or lessor of the real estatehe is exempt from the license requirement. Wiseman points to a number of instances he claims are services in the performance of his duty as an attorney at law for Ploskina, including communicating to Ronan about an interested buyer, placing Ploskina in contact with Ronan to arrange a property inspection, and advising on various due diligence issues and proposals to purchase the property.
We conclude, however, that these "services rendered" were not in the performance of Wiseman's duty as an attorney at law; rather, Wiseman was to collect a "finder's fee" for facilitating the sale of real propertyduties of a real estate broker. As we read the statute, the exception of § 81-885.04(2) is limited to those instances where an attorney is acting within the scope of his duties as an attorney.
And more importantly, the services Wiseman allegedly provided to Ploskina are not the services for which Wiseman is now seeking payment. There is no indication in the record that Ronan, or Ronan's estate, would somehow be liable for legal services Wiseman provided to Ploskina. The exception of § 81-885.04(2) extends to "services rendered by an attorney at law in the performance of his or her duty as such attorney at law." Even if Ronan rendered services to Ploskina in the performance of his duty as an attorney at lawa contention that is unsupported by the recordthose legal services are not the subject of this claim. Instead, this claim is for the services provided to Ronanwhich, as noted above, were not legal services.
In short, Wiseman's services were not within the exception provision of § 81-885.04(2). There is no connection between the activities undertaken by Wiseman and any professional services he was furnishing as an attorney. The agreement between Ronan and Wiseman was for Wiseman to locate a buyer for the Costa Rica property in exchange for a "finder's fee." The services contracted to be performed were those of a real estate broker within the terms of the Act, and therefore, Wiseman was required to have a broker's license. Wiseman's assignment of error is without merit.

CONCLUSION
Wiseman's claim sought compensation for services that required a license under the Act. Because Wiseman did not have a license, the county court correctly concluded that his claim was barred by § 81-885.06. The court's order granting Ronan's motion for summary judgment is affirmed.
Affirmed.
NOTES
[1] See Neb. Rev. Stat. §§ 81-885.01 to 81-885.55 (Reissue 2008).
[2] Steffen v. Progressive Northern Ins. Co., 276 Neb. 378, 754 N.W.2d 730 (2008).
[3] Unisys Corp. v. Nebraska Life & Health Ins. Guar. Assn., 267 Neb. 158, 673 N.W.2d 15 (2004).
[4] Amanda C. v. Case, 275 Neb. 757, 749 N.W.2d 429 (2008).
[5] See § 81-885.02.
[6] See § 81-885.06.
[7] See § 81-885.04(2).