773 N.W.2d 169 (2009)
18 Neb. App. 13
Ron LIVINGSTON, Jr., Appellant,
v.
PACIFIC REALTY COMMERCIAL, L.L.C., doing business as Grubb & Ellis/Pacific Realty, et al., Appellees.
No. A-08-1058.
Court of Appeals of Nebraska.
September 15, 2009.
*170 Staci Hartman-Nelson, for appellant.
Randall L. Goyette and Andrea D. Snowden, of Baylor, Evnen, Curtiss, Grimit & Witt, L.L.P., Lincoln, for appellees.
IRWIN, SIEVERS, and CASSEL, Judges.
IRWIN, Judge.

I. INTRODUCTION
Ron Livingston, Jr., appeals from an order of the district court granting the motion of McGill Restoration, Inc., for summary judgment and dismissing Livingston's claims as to both McGill Restoration and Pacific Realty Commercial, L.L.C. (Pacific Realty). On appeal, Livingston argues that the district court erred in granting summary judgment to Pacific Realty. Because Pacific Realty did not file a motion for summary judgment and because McGill Restoration's motion for summary judgment did not provide adequate notice to Livingston that Pacific Realty's liability was an issue being raised at the summary judgment hearing, we reverse that part of the district court's order dismissing Livingston's claims against Pacific Realty and remand the matter for further proceedings consistent with this opinion.

II. BACKGROUND
Pacific Realty manages the "Atrium Building" in Lincoln, Nebraska, and hired McGill Restoration to repair concrete on the exterior of the building. Livingston *171 was employed by McGill Restoration and was one of the workers assigned to complete the work at the Atrium Building. Livingston was injured while working at the building when he walked under a "dump chute" at the same time that another employee released debris into the chute.
Livingston filed a claim against McGill Restoration in the Nebraska Workers' Compensation Court. Although it is not clear from the record how Livingston's workers' compensation claim was ultimately decided, Livingston does admit that he received payments from McGill Restoration as a result of his injuries and McGill Restoration provides some indication that Livingston was awarded workers' compensation benefits.
After receiving workers' compensation benefits from McGill Restoration, Livingston filed a complaint in district court, alleging that Pacific Realty was also liable for his injuries because it had a nondelegable duty to ensure the "demolition" work was completed in a safe manner and because Pacific Realty had a nondelegable duty to comply with safety standards and regulations. Livingston joined McGill Restoration as a party to the action pursuant to Neb.Rev.Stat. § 48-118 (Reissue 2004).
In its response to Livingston's complaint, Pacific Realty asserted a cross-claim against McGill Restoration. In the cross-claim, Pacific Realty alleged that its contract with McGill Restoration included an indemnification clause. Pacific Realty alleged that this clause required McGill Restoration to indemnify Pacific Realty if Pacific Realty was ordered to pay Livingston any damages for his injuries.
McGill Restoration filed a motion for summary judgment. Because the contents of this motion are important to our ultimate resolution of this case, we include the language of the motion in its entirety:
COMES NOW the Defendant, McGill Restoration, Inc., pursuant to Neb. Rev. Stat. § 25-1331, and moves the Court for an order granting it summary judgment and dismissing the Plaintiff's Amended Complaint, and the claims found therein, for the reason that the pleadings and evidence to be submitted show that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law.
Defendant further moves the Court for an order granting it summary judgment with regard to the cross-claim filed by Defendant Pacific Realty against it for the reason that the pleadings and evidence to be submitted show that there is no genuine issue as to any material fact with regard to this claim, and that therefore Defendant McGill [Restoration] is entitled to judgment as a matter of law as to the cross-claim as well.
In support of its motion, McGill Restoration submitted the deposition of its president. Neither Livingston nor Pacific Realty submitted any evidence in opposition to the motion.
The district court granted McGill Restoration's summary judgment motion in part. The court granted McGill Restoration's motion as to Livingston, finding, "The benefits received pursuant to the Nebraska Worker[s'] Compensation Act are the sole remedy Livingston has against McGill [Restoration] by virtue of this employer/employee relationship." The court overruled McGill Restoration's motion as to Pacific Realty's cross-claim.
Additionally, the court considered Livingston's claims against Pacific Realty and concluded that "the claims against Pacific [Realty] fail as a matter of law." The court dismissed Livingston's claims against both McGill Restoration and Pacific Realty.
*172 Ultimately, the parties stipulated that the cross-claim filed by Pacific Realty against McGill Restoration should be dismissed and the court entered a final order dismissing the case in its entirety.
Livingston appeals here.

III. ASSIGNMENT OF ERROR
Livingston assigns, restated and consolidated, that the district court erred in granting summary judgment to Pacific Realty and dismissing his claims.

IV. STANDARD OF REVIEW
Summary judgment is proper where the facts are uncontroverted and the moving party is entitled to judgment as a matter of law. In re Estate of Ronan, 277 Neb. 516, 763 N.W.2d 704 (2009); Unisys Corp. v. Nebraska Life & Health Ins. Guar. Assn., 267 Neb. 158, 673 N.W.2d 15 (2004); Fontenelle Equip. v. Pattlen Enters., 262 Neb. 129, 629 N.W.2d 534 (2001); Mertz v. Pharmacists Mut. Ins. Co., 261 Neb. 704, 625 N.W.2d 197 (2001). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, giving that party the benefit of all reasonable inferences deducible from the evidence. Thone v. Regional West Med. Ctr., 275 Neb. 238, 745 N.W.2d 898 (2008).

V. ANALYSIS
As a procedural equivalent to a trial, a summary judgment is an extreme remedy because a summary judgment may dispose of a crucial question in litigation, or the litigation itself, and may thereby deny a trial to the party against whom the motion for summary judgment is directed. State ex rel. Wagner v. Gilbane Bldg. Co., 276 Neb. 686, 757 N.W.2d 194 (2008); Fossett v. Board of Regents, 258 Neb. 703, 605 N.W.2d 465 (2000). As a result of the significant effects of a summary judgment, a party is entitled to notice of a motion for summary judgment and an opportunity to be heard and to offer evidence in opposition to the motion.
Neb.Rev.Stat. § 25-1332 (Reissue 2008) provides that a motion for summary judgment "shall be served at least ten days before the time fixed for the hearing." The Nebraska Supreme Court has previously held that when the notice provisions of the statute are not complied with and the party opposing the motion does not have time to present evidence to defend against the motion, it is error for the trial court to consider the motion. See Curley v. Curley, 214 Neb. 780, 336 N.W.2d 103 (1983).
The Nebraska Supreme Court has also held that when a motion to dismiss is converted into a motion for summary judgment, the trial court must provide notice of the change to the opposing party. The court has stated, "[W]hen receiving evidence that converts a motion to dismiss into a motion for summary judgment, the trial court should give the parties notice of the changed status of the motion and a reasonable opportunity to present all material made pertinent to such a motion." Crane Sales & Serv. Co. v. Seneca Ins. Co., 276 Neb. 372, 376, 754 N.W.2d 607, 610 (2008). Accord Nebraska Coalition for Ed. Equity v. Heineman, 273 Neb. 531, 731 N.W.2d 164 (2007).
Additionally, the court has held that a trial court may not enter a summary judgment on an issue not presented by the pleadings. See Slagle v. J.P. Theisen & Sons, 251 Neb. 904, 560 N.W.2d 758 (1997). When an issue is not presented in a summary judgment motion, the opposing party does not have notice to defend against the issue. See In re Freeholders Petition, 210 Neb. 583, 316 N.W.2d *173 294 (1982) (holding that where one party moves for partial summary judgment on certain issues only, other party should not be expected at hearing on motion for summary judgment to present evidence on issues as to which that motion does not apply).
In Slagle v. J.P. Theisen & Sons, supra, the trial court granted summary judgment in favor of the defendants on the issues of liability and the plaintiff's contributory negligence. On appeal, the plaintiff argued that the trial court erred in ruling on the issue of contributory negligence when that issue was not presented by the pleadings. The court stated:
We have stated unequivocally that a court may not enter a summary judgment on an issue not presented by the pleadings.... Neither [of the defendants'] motion[s] for summary judgment requested a ruling by the trial court as to [the plaintiff's] alleged contributory negligence. Absent such a reference in these pleadings, the trial court could not and should not have ruled on this issue.
Id. at 909, 560 N.W.2d at 762 (citation omitted).
In this case, McGill Restoration was the only party to file a motion for summary judgment. However, in ruling on McGill Restoration's motion for summary judgment, the district court effectively granted summary judgment to both McGill Restoration and Pacific Realty when it dismissed all of Livingston's claims as to both parties. Upon our review, we conclude that McGill Restoration's motion did not provide adequate notice to Livingston that Pacific Realty's liability was an issue being raised at the summary judgment hearing. Accordingly, we conclude that Livingston did not receive an opportunity to offer evidence to defend his claims against Pacific Realty.
In McGill Restoration's motion for summary judgment, it requested that the court grant it summary judgment as to both Livingston's claims and the cross-claim filed by Pacific Realty. On its face, the motion does not provide any indication that McGill Restoration was requesting summary judgment on behalf of Pacific Realty. Rather, it appears that McGill Restoration was acting only in its own behalf.
Moreover, it is clear from Livingston's petition that Livingston joined McGill Restoration as a party to the case pursuant to § 48-118. Section 48-118 requires an employer to be joined as a party when an employee who has received workers' compensation benefits files a claim against "a third person [who] is liable to the employee... for the injury." In other words, Livingston joined McGill Restoration as a party simply because McGill Restoration was entitled to subrogation if Livingston recovered damages from Pacific Realty.
It does not appear that Livingston claims that McGill Restoration should be liable for more damages than it had already provided to Livingston due to Livingston's workers' compensation award. As such, we are somewhat puzzled by the rationale behind McGill Restoration's filing of the motion as to Livingston.
Regardless of why McGill Restoration filed the motion, however, the motion did not provide notice to Livingston that he needed to offer evidence as to Pacific Realty's liability. Livingston's claims against Pacific Realty constitute a separate issue from Livingston's relationship with McGill Restoration.
Pacific Realty's liability was not raised in McGill Restoration's motion for summary judgment, and as such, the district court erred in ruling on that issue.

*174 VI. CONCLUSION
Because McGill Restoration's motion for summary judgment did not provide adequate notice to Livingston that Pacific Realty's liability was an issue being raised at the summary judgment hearing, we reverse that part of the district court's order dismissing Livingston's claims against Pacific Realty and remand the matter for further proceedings consistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.