IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STONEROOK V. GREEN


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


CHRISTOPHER W. STONEROOK, APPELLANT,

V.

TONY GREEN ET AL., APPELLEES.


Filed May 17, 2016.    No. A-15-394.


Appeal from the District Court for Lincoln County: DONALD E. ROWLANDS, Judge. Affirmed.

Christopher W. Stonerook, pro se.

Douglas J. Peterson, Attorney General, and Danielle Jones, for appellees Tony Green, Byron Van Patten, and Troy Reiners.

Claudine K. Thorne, Deputy Lincoln County Attorney, pro se, and for appellee Rebecca Harling.


MOORE, Chief Judge, and INBODY and RIEDMANN, Judges.

MOORE, Chief Judge.

### I. INTRODUCTION

Christopher W. Stonerook appeals from the order of the district court for Lincoln County, which dismissed his complaint for permanent injunction with prejudice. For the reasons set forth herein, we affirm.

### II. BACKGROUND

In September 2001, Stonerook was found to be the biological father of a minor child born in May 1997 and was ordered to pay child support of $500 per month to child's mother, Sheila R.

- 1 -

Clark. The order subjected Stonerook to income withholding if he became delinquent on his child support obligation. Physical custody of the child was granted to Clark.

In October 2013, Stonerook filed a pro se complaint to modify custody and child support in the paternity case. As of April 8, 2015, when the dismissal order was entered in the present case, the modification complaint in the paternity case had not yet been set for hearing.

On February 3, 2015, Stonerook filed a complaint for permanent injunction under a separate case number from the paternity case, naming as defendants six individuals in their official capacities with the Nebraska Department of Health and Services' Division of Children and Family Services and Child Support Enforcement, the Nebraska Child Support Payment Center, and attorneys with the Lincoln County Attorney's office (collectively "the Appellees"). Stonerook alleged that after having been awarded Social Security disability benefits, he learned that his benefits were being garnished in the amount of $750 per month by the Nebraska Child Support Enforcement Office. He also learned that his Social Security disability award for back pay in the amount of approximately $14,000 had been seized due to his child support being in arrearage. Stonerook alleged that he made further inquiries and was told that he was $3,026 in arrears and that his monthly child support had increased to $750 per month. He alleged that after additional inquiry, he was advised that the child support garnishment amount withheld from his disability benefits could be reduced to $505 but "nothing else would be done until the custodial parent showed the Child Support Office in North Platte proof the minor child was receiving dependent benefits." Stonerook sought a permanent injunction preventing the Appellees from seizing funds from his Social Security disability benefits and back pay award without allowing him an opportunity to appeal any seizure of funds he disputes. He also filed a motion for temporary restraining order to enjoin the Appellees from "disbursing any type of payment from the funds seized."

The transcript includes an "INCOME WITHHOLDING FOR SUPPORT" form document filed on February 5, 2015 in the paternity case. The document identifies Stonerook as the "Employee/Obligor," Clark as the "Custodial Party/Obligee," and the Social Security Administration as the "Employer/Income Withholder" and orders the withholding of a lump sum payment of $3,526.79 to be remitted to the Nebraska Child Support Payment Center.

The Appellees filed motions to dismiss under Neb. Ct. R. Pldg. § 6-1112(b)(6), seeking dismissal of Stonerook's complaint for failure to state a claim upon which relief may be granted. The record on appeal does not include a copy of appellee Chawnta Durham's motion to dismiss.

On April 3, 2015, Stonerook filed a pleading opposing the motions to dismiss. In it, he summarized the allegations of his complaint and also alleged that after his complaint had been filed, "the Child Support Enforcement Office sent funds at the heart of this case to the custodial parent."

On April 6, 2015, the district court heard argument from the parties on the motions to dismiss. The hearing was held in the judge's chambers. Stonerook was present and appeared pro se. Appellees Tony Green, Byron Van Patten, and Troy Reiners were represented by their attorney, an Assistant Attorney General, who appeared by telephone. Appellees Rebecca Harling and Claudine K. Thorne were represented by Thorne, a Deputy County Attorney. Appellee Durham was present and represented by her attorney. No sworn testimony was given and no exhibits were

offered and received into evidence, although the court took judicial notice of the court file in the underlying paternity case and of the return of service upon Harling and Thorne. Arguments were made by all of the parties on the record. At the hearing, Stonerook did not contest the representation by Durham's attorney that Durham is now in private practice and no longer employed by the county attorney's office, but he argued that she was employed there during a portion of the relevant period and that he needed time to do discovery on the issue. The district court granted Durham's motion to dismiss during the hearing and took the remaining motions under advisement. We have set forth further details of the hearing relevant to Stonerook's arguments on appeal in the analysis section below.

On April 8, 2015, the district court entered an order granting the motions to dismiss. The court noted its dismissal of Durham from the case with prejudice and then set forth its findings with respect to the remaining motions to dismiss. The court noted that during the hearing, Stonerook did not contest the fact that the alleged arrearage in the underlying child support case in the approximate amount of $3,500 had already been disbursed to Clark. The court found that a request for injunction does not afford a remedy for what has already occurred, and accordingly, dismissed any portion of the complaint for permanent injunction filed by Stonerook which sought to prevent or enjoin seizure of a portion of his Social Security disability award for the payment of his child support arrearage. With regard to the portion of the complaint seeking to prohibit the seizure of future disability payments to pay current child support as it becomes due, the court found that dismissal was also appropriate as Stonerook had another adequate remedy at law available; namely his pending complaint to modify custody and child support in the underlying action. The court dismissed the complaint with prejudice.

## III. ASSIGNMENTS OF ERROR

Stonerook asserts, reordered, that the district court erred in (1) holding the hearing in chambers, excluding the public from the hearing, (2) allowing evidence or testimony to be presented in a telephonic hearing on the motions to dismiss, (3) interrupting Stonerook when he presented oral arguments, (4) taking judicial notice of documents without allowing Stonerook the opportunity to object, (5) holding Stonerook to the same standards as an attorney when appearing pro se before the court, (6) dismissing Durham from the case with prejudice, (7) failing to accept the plain meaning of a statute, (8) failing to follow the rule of stare decisis in its order, (9) ruling that because the seizure of Stonerook's disability benefits had been disbursed the complaint for injunction must be dismissed, (10) finding that Stonerook had another remedy at law and that the complaint to modify custody and child support is the proper remedy, and (11) granting the motions to dismiss and dismissing the case with prejudice.

## IV. STANDARD OF REVIEW

A district court's grant of a motion to dismiss is reviewed de novo. *Lamb v. Fraternal Order of Police Lodge No. 36*, 293 Neb. 138, 876 N.W.2d 388 (2016). When reviewing an order dismissing a complaint, an appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion. *Id.* To prevail against a motion to dismiss for failure to state a claim, a

plaintiff must allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. *Id.* In cases in which a plaintiff does not or cannot allege specific facts showing a necessary element, the factual allegations, taken as true, are nonetheless plausible if they suggest the existence of the element and raise a reasonable expectation that discovery will reveal evidence of the element or claim. *Id.*

## V. ANALYSIS

### 1. CONDUCT OF HEARING

### (a) Exclusion of Public

Stonerook asserts that the district court erred in holding the hearing in chambers, thereby excluding the public from the hearing, in violation of Neb. Ct. R. §§ 6-201 to 6-206. Although many of the provisions in these guidelines are directed toward ensuring that a criminal defendant receives a fair hearing, pursuant to Neb. Rev. Stat. § 24-1001 (Reissue 2008), "All judicial proceedings of all courts established in this state must be open to the attendance of the public unless otherwise specially provided by statute."

Stonerook does not argue that the public was in fact excluded from the hearing, and there is nothing in the record to suggest that this occurred. In his brief on appeal, Stonerook references events occurring prior to the start of the hearing. He notes that he needed assistance from another individual to carry his papers. He states that this individual was not allowed in the judge's chambers for the hearing. However, none of the information about this individual's exclusion is contained in the bill of exceptions for the hearing. An appellate brief generally may not expand the evidentiary record and should limit itself to arguments supported by the record. *Sellers v. Sellers*, 23 Neb. App. 219, 869 N.W.2d 703 (2015). Further, Stonerook did not object on the record to the alleged exclusion of this individual, or any other member of the public, from the hearing. A litigant's failure to make a timely objection waives the right to assert prejudicial error on appeal. *In re Estate of Clinger*, 292 Neb. 237, 872 N.W.2d 37 (2015). Error without prejudice provides no ground for relief on appeal. *Id.* This assignment of error is without merit.

### (b) Receipt of Evidence at Telephonic Hearing

Stonerook asserts that the district court erred in allowing evidence or testimony to be presented in a telephonic hearing on the motions to dismiss. In support of his argument, he cites Rules of Dist. Ct. of Eleventh Jud. Dist. 11-3(C)(iii), which provides:

> All hearings on all motions or pleadings may be heard by telephone conference. The party wishing to set a motion by telephone conference shall arrange the time for the conference and shall initiate the conference call and be responsible for the expense of the call. No oral testimony may be adduced during any telephone conference. All evidence to be adduced during any telephone conference shall be submitted to the court and to opposing counsel no less than 5 days prior to the hearing. Any such telephone proceeding held pursuant to Neb. Rev. Stat. § 24-734 (Reissue 1989) shall not exclude the general public except as provided by law or Supreme Court rule.

- 4 -

The hearing on the motions to dismiss was not conducted exclusively by telephone conference. All of the parties and/or their counsel appeared in person for the hearing with the exception of state official appellees Green, Van Patten, and Reiners, whose attorney appeared by telephone. Stonerook did not object on the record to the attorney's participation in this manner. Thus, any error asserted by Stonerook to holding the hearing in part by telephone conference has been waived. See *In re Estate of Clinger, supra*.

Further, no sworn testimony or other evidence was adduced during the hearing. Counsel for the appellees did provide certain information upon inquiry by the court, as did Stonerook. The state official appellees informed the court that $3,526.79 had been transmitted to Clark and that this was the "amount of the arrearage at the time of the intercept." Thorne also referenced this dollar amount in her argument in support of the motion to dismiss filed by herself and Harling, the remaining county attorney appellees. Stonerook argues that this information was evidence that should have been submitted prior to the hearing pursuant to the rule. However, the statements or arguments of counsel are not evidence and thus were not required to be disclosed prior to the hearing. See *In re Interest of Lawrence H.*, 16 Neb. App. 246, 743 N.W.2d 91 (2007) (attorney's assertions at trial are not to be treated as evidence).

The court did take judicial notice of the paternity case court file, which included information concerning the withholding of Stonerook's disability payment. However, Stonerook was specifically asked if he had any objection to the court taking judicial notice of the file and Stonerook stated that he did not. Thus, to the extent that Stonerook is asserting that this information was improperly received by the court, he has waived any error in this regard. See *In re Estate of Clinger, supra*.

This assignment of error is without merit.

(c) Interruptions by Court

Stonerook asserts that the district court erred in interrupting him when he presented oral arguments. He argues that interruptions by the court took him by surprise, forced him to "defend [his] position about things that [he] thought had nothing to do with a motion to dismiss," and prevented him from finishing his argument. Brief for appellant at 23. He argues that these interruptions prevented him from receiving a fair and unbiased hearing.

The requirements of due process are satisfied if a person has reasonable notice and an opportunity to be heard appropriate to the nature of the proceeding and the character of the rights which might be affected by it. *Bryan M. v. Anne B.*, 292 Neb. 725, 874 N.W.2d 824 (2016). Due process requires a neutral, or unbiased, adjudicatory decisionmaker. *In re S.J.*, 283 Neb. 507, 810 N.W.2d 720 (2012). Such decisionmakers serve with a presumption of honesty and integrity. *Id.* A party seeking to disqualify an adjudicator because of bias or prejudice bears the heavy burden of overcoming the presumption of impartiality. *Id.*

We have reviewed the bill of exceptions from the hearing and do not find evidence of interruptions of Stonerook by the court which prevented Stonerook from finishing his arguments. The court adequately explained the procedure for the hearing to Stonerook and gave him ample time to present his position in connection with the motions to dismiss. The court heard arguments by counsel on each of the three motions to dismiss, and Stonerook was given the opportunity to

address the arguments raised by the proponent of each motion. The questions asked of Stonerook by the court guided the discussion toward the relevant issues and provided the court with more useful information than might have been gained had Stonerook simply read his prepared statement. A trial judge has broad discretion over the conduct of a trial, and, absent abuse, that discretion should be respected. *Connelly v. City of Omaha*, 278 Neb. 311, 769 N.W.2d 394 (2009). We find no abuse of discretion or denial of due process resulting from the court's conduct of the hearing.

Stonerook also references a brief in support of his motion for temporary restraining order that he argues was excluded from the transcript. However, briefs are to be presented to the judge and not filed with the clerk. See Neb. Ct. R. § 6-1505. An appellate court cannot consider as evidence statements made by the parties at oral argument or in briefs, as these are matters outside the record. *Bedore v. Ranch Oil Co.*, 282 Neb. 553, 805 N.W.2d 68 (2011). It does appear that the district court liberally construed Stonerook's complaint to include the allegations contained in the motion for temporary restraining order, and we have addressed issues related to the dismissal of his complaint below.

This assignment of error is without merit.

(d) Judicial Notice

Stonerook asserts that the district court erred in taking judicial notice of documents without allowing him the opportunity to object. As mentioned above, the district court took judicial notice of the paternity case court file, after Stonerook affirmatively stated that he had no objection. In addition, the court took judicial notice of the proof of service of the summonses served upon Thorne and Harling in this case on February 17, 2015. Stonerook did not object to the court's taking judicial notice of the proof of service.

A court may not take judicial notice of disputed facts. *Sherman v. Sherman*, 18 Neb. App. 342, 781 N.W.2d 615 (2010). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (a) generally known within the territorial jurisdiction of the trial court or (b) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Neb. Rev. Stat. § 27-201(2) (Reissue 2008). As a subject for judicial notice, existence of court records and certain judicial action reflected in a court's record are, in accordance with § 27-201(2)(b), facts which are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. *In re Ty M.*, 265 Neb. 150, 655 N.W.2d 672 (2003).

The paternity case court file and the return of service documents were part of the district court records and could properly be judicially noticed. Stonerook argues that he did not know what judicial notice was because the court did not explain it to him earlier in the hearing when it took judicial notice of the file in the underlying paternity case. He argues further that if the court had asked him whether he objected, he would have done so. We do not find these arguments persuasive. A pro se litigant will receive the same consideration as if he or she had been represented by an attorney, and, concurrently, that litigant is held to the same standards as one who is represented by counsel. *Friedman v. Friedman*, 290 Neb. 973, 863 N.W.2d 153 (2015). Although the court did not specifically ask Stonerook whether he objected to the judicial notice taken of the

return of service documents, Stonerook could have done so. The court did not err in taking judicial notice of these documents.

Stonerook's argument regarding the proof of service documents seems to be that regardless of the timing of the service, the lump sum collected should not have been disbursed because he and another individual had delivered copies of his complaint, motion for temporary restraining order, and supporting brief to the offices of Thorne and Harling on February 3, 2015, the same day he filed his complaint and motion with the court. Stonerook also asserts that he called the clerk of the court to find out if his motion for temporary restraining order had been granted, was told that the motion would not be set for hearing until all parties had been served either by the sheriff or by certified mail, and then he complied with this request. None of this information regarding delivery of the pleadings to the county attorney's office is part of the record on appeal. See *Sellers v. Sellers*, 23 Neb. App. 219, 869 N.W.2d 703 (2015) (appellate brief generally may not expand evidentiary record and should limit itself to arguments supported by record); *Bedore v. Ranch Oil Co.*, 282 Neb. 553, 805 N.W.2d 68 (2011) (appellate court cannot consider as evidence statements made by parties at oral argument or in briefs, as these are matters outside record). More importantly, the return of service documents are really of no consequence in this case as there was no restraining order in effect prior to the disbursement of the lump sum funds.

This assignment of error is without merit.

### (e) Pro Se Standards

Stonerook asserts that the district court erred in holding him to the same standards as an attorney when appearing pro se before the court. As noted above, a pro se litigant is held to the same standards as one who is represented by counsel. See *Friedman v. Friedman, supra*. He argues that the court should have construed his pro se pleadings liberally. As noted above, we see no indication that the court did not do so within the limits of Nebraska's liberal notice pleading rules. See *State on behalf of B.M. v. Brian F.*, 288 Neb. 106, 846 N.W.2d 257 (2014) (while notice pleading has liberalized requirements, it is not without limits; generous construction of pro se complaints is also not without limits). This assignment of error is without merit.

### 2. ISSUES NOT PASSED UPON BY DISTRICT COURT

Stonerook asserts that the district court erred in failing to accept the plain meaning of a statute, specifically, Neb. Rev. Stat. § 43-3342.02(2) (Reissue 2008) (concerning disbursement of collections toward arrears by State Disbursement Unit) and Neb. Rev. Stat. § 42-364.13 (Reissue 2008) (support order requirements), with which he argues the Appellees failed to comply. He also asserts that the court erred in failing to follow the rule of stare decisis in its order and relies on cases considering the issue of applying Social Security benefits to meet a parent's child support obligation in support of his argument. E.g., *Gress v. Gress*, 257 Neb. 112, 596 N.W.2d 8 (1999); *Hanthorn v. Hanthorn*, 236 Neb. 225, 460 N.W.2d 650 (1990). Although Stonerook raised these issues in his written opposition to the Appellees' motions to dismiss, these issues were not passed upon by the district court in ruling on the motions. To the extent that the court addressed the case law relied on by Stonerook in its finding that any offset of his disability award against his continuing child support obligation could be litigated in the paternity case, we address that issue

below in connection with the court's finding that Stonerook had an adequate remedy at law. The court did not make any findings with respect to the statute referenced by Stonerook in his opposition to the motions to dismiss. Accordingly, we do not address these issues further in connection with these particular assignments of error. An appellate court will not consider an issue on appeal that was not presented to or passed upon by the trial court. *Linscott v. Shasteen*, 288 Neb. 276, 847 N.W.2d 283 (2014).

### 3. DISMISSAL OF COMPLAINT

### (a) Conversion to Summary Judgment

Stonerook argues that the district court's decision should be reversed because it considered evidence outside the pleadings, which converted the motions for dismissal into motions for summary judgment.

Because a motion pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(6) tests the legal sufficiency of the complaint, not the claim's substantive merits, a court may typically look only at the face of the complaint to decide a motion to dismiss. *DMK Biodiesel, LLC v. McCoy*, 285 Neb. 974, 830 N.W.2d 490 (2013). Dismissal under Neb. Ct. R. Pldg. § 6-1112(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Id.*

When matters outside the pleading are presented by the parties and accepted by the trial court with respect to a motion to dismiss under Neb. Ct. R. Pldg. § 6-1112(b)(6), the motion shall be treated as a motion for summary judgment and the parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by statute. *Brothers v. Kimball County Hosp.*, 289 Neb. 879, 857 N.W.2d 789 (2015). A court may take judicial notice of matters of public record without converting a motion to dismiss under Neb. Ct. R. Pldg. § 6-1112(b)(6) into a motion for summary judgment. *DMK Biodiesel, LLC v. McCoy, supra*. For purposes of a motion to dismiss, a trial court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings. *Id*. Documents embraced by the complaint are not considered matters outside the pleading. *Id*. Documents embraced by the pleadings are materials alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading. *Id*. Matters outside the pleadings can include written or oral evidence either in support of or in opposition to the pleading which provides some substantiation for and does not merely reiterate what is said in the pleadings. *Crane Sales & Service v. Seneca Ins. Co.*, 276 Neb. 372, 754 N.W.2d 607 (2008).

The Nebraska Supreme Court has stated:

Federal courts have also noted that when a motion to dismiss is converted to a motion for summary judgment, reversal of the 'ruling may become necessary if the district court has not provided the adversely affected party with notice and an opportunity to respond.' . . . 'The primary vice of unexpected conversion to summary judgment is that it denies the surprised party sufficient opportunity to discover and bring forward factual matters which may become relevant only in the summary judgment, and not the dismissal, context.' . . .

*Ichtertz v. Orthopaedic Specialists of Neb.*, 273 Neb. 466, 470-71, 730 N.W.2d 798, 803 (2007) (citations omitted). But see, *Brothers v. Kimball County Hosp., supra* (failure to give plaintiff opportunity to present evidence in opposition to converted motion harmless because plaintiff's claim failed as matter of law).

With regard to the motions to dismiss filed by the appellees (except Durham), we conclude that the motions to dismiss were not converted to motions for summary judgment. First, as we note above, the statements made by counsel regarding the disbursement of the lump sum payment to Clark were not evidence. Second, the taking of judicial notice of the file in the underlying paternity case (which contained information supporting the statements of counsel concerning the disbursement) did not convert the motions to dismiss to motions for summary judgment. See, *DMK Biodiesel, LLC v. McCoy, supra*.

With respect to Durham's motion to dismiss, Stonerook argues that the district court considered outside evidence when it allowed her attorney to state that Durham was no longer employed by the county attorney's office. Given our finding below that Stonerook's complaint failed to state a cause of action, we need not address this argument further. See *Ichtertz v. Orthopaedic Specialists of Neb., supra* (finding court converted motion by considering matters outside pleadings but declining to resolve appeal on that basis as error in procedure regarding motion to dismiss was not decisive of matter); *Brothers v. Kimball County Hosp.*, *supra* (failure to give plaintiff opportunity to present evidence in opposition to converted motion harmless because plaintiff's claim failed as matter of law).

We find no merit to this assigned error.

### (b) Funds Already Disbursed

Stonerook asserts that the district court erred in ruling that because the seizure of his disability benefits had been disbursed, the complaint for injunction must be dismissed. Injunctive relief is intended to prevent future harm and is not available when the act complained of is already completed. *Nebuda v. Dodge County School Dist. 0062*, 290 Neb. 740, 861 N.W.2d 742 (2015). The court judicially noticed the file in the underlying paternity case. Documentation filed in that case shows that $3,526.79 of Stonerook's Social Security disability benefits were being withheld. Stonerook acknowledged in his responsive pleading that the seized funds had already been disbursed to Clark and did not dispute that fact during the hearing. Because this act is already completed, it cannot be prevented by injunctive relief. The court did not err in dismissing his complaint on this basis.

### (c) Adequate Remedy at Law

Stonerook asserts that the district court erred in finding that he had another remedy at law and that the complaint to modify custody and child support is the proper remedy.

An injunction is an extraordinary remedy and ordinarily should not be granted except in a clear case where there is actual and substantial injury. *Kobza v. Bowers*, 23 Neb. App. 118, 868 N.W.2d 806 (2015). Injunctive relief should not be granted unless the right is clear, the damage is irreparable, and the remedy at law is inadequate to prevent a failure of justice. *Id.* An injury is irreparable when it is of such a character or nature that the party injured cannot be adequately

compensated therefor in damages, or when the damages which may result therefrom cannot be measured by any certain pecuniary standard. *Id.* An adequate remedy at law means a remedy which is plain and complete and as practical and efficient to the ends of justice and its prompt administration as the remedy in equity. *Fyfe v. Tabor Turnpost, L.L.C.*, 22 Neb. App. 711, 860 N.W.2d 415 (2015).

In his complaint, Stonerook set forth the details of the child support award in the paternity case and of his disability benefits. He alleges that he was told certain things by unnamed people about the garnishment of his disability benefits for his child support arrearages and future support obligations. He alleges that he was told his remedy was to file a child support modification and to show proof that the child was receiving dependent benefits.

Stonerook does not allege that he would suffer irreparable harm and damage absent an injunction or that he has no other adequate remedy at law. He does not allege that he tried and failed to obtain relief through the methods suggested to him by unnamed individuals. He does not allege how any of the named defendants were involved in the matters addressed in his complaint.

At the time he filed for injunctive relief, Stonerook had an adequate remedy at law concerning his future disability payments that he could have pursued in the paternity case. Social Security payments made to a parent's child on account of the parent's disability should be considered as credits toward the parent's court-ordered support obligation in the absence of circumstances making the allowance of such a credit inequitable. *Gress v. Gress*, 257 Neb. 112, 596 N.W.2d 8 (1999); *Hanthorn v. Hanthorn*, 236 Neb. 225, 460 N.W.2d 650 (1990). Stonerook argues that his remedy was not through the pending modification action because a request to credit Social Security benefits is a request for a change in only the source of payment, and therefore does not require a modification hearing, but, rather, only an opportunity for the custodial parent to adduce evidence of any inequity that might occur as the result of crediting those benefits to court-ordered child support. See *Gress v. Gress, supra*. While Stonerook correctly states the law, he could have amended his modification complaint to include a request for credit. Notably, the requests made in *Gress* and *Hanthorn* were filed in the underlying dissolution cases. See, also, *Johnson v. Johnson*, 290 Neb. 838, 862 N.W.2d 740 (2015) (remanding to determine whether father entitled to credit against future support payments to offset retroactive reduction of child support obligation). While Stonerook may not have known what his child's direct disability benefits would be until Clark filed for those benefits, he could have sought a temporary abatement of his support obligation in the modification proceeding until the issue had been resolved, a procedure that could have protected his interests until the court determined his need to reduce his support payments. See *Johnson v. Johnson, supra*. Finally, we note that only a limited number of future support payments remain at issue as Stonerook's child will turn 19 in May of 2016.

The district court did not err in finding that Stonerook had another remedy at law, which could be pursued through the paternity case. The district court did not err in dismissing Stonerook's complaint for failure to state a claim for injunctive relief.

## VI. CONCLUSION

The district court did not err in dismissing Stonerook's complaint for permanent injunction.

AFFIRMED.