IN RE FREEHOLDERS PETITION.
NEIL W. SCHILKE AND BONNIE SCHILKE, APPELLEES, V.
WALTER WALKENHORST ET AL., APPELLANTS.

316 N.W.2d 294

Filed February 19, 1982. No. 43720.

James B. Gessford of Perry, Perry, Witthoff & Guthery for appellants.

Sidner, Svoboda, Schilke, Wiseman & Thomsen for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

CLINTON, J.

The petitioners-appellees Schilke, by appropriate petition, requested under the provisions of Neb. Rev. Stat. § 79-403(1) (Reissue 1976) the transfer to school district No. 1 of Dodge County from school district No. 107 of Saunders County certain real estate owned by the petitioners. District No. 107 is a Class II school district. District No. 1 is a Class III school district. The freeholders board did not act on the request. Schilke then, under the provisions of the statute, appealed to the District Court for Saunders County which, after hearing on motions for summary judgment made by both parties, rendered a summary judgment granting the

transfer. The appellants are taxpayers and electors of district No. 107 who objected to the transfer.

The appellants make and argue the following assignments of error: (1) The court erred in granting the Schilke motion for summary judgment because there existed a disputed issue of material fact as to whether the transfer would serve the best educative interests of the Schilkes' daughter. (2) The Schilke motion for summary judgment asked only for a partial summary judgment and acknowledged that there was a material issue of fact as to whether the transfer would serve the best educative interests of their child, and, accordingly, full summary judgment should not have been entered. (3) The court erred in granting the summary judgment because the records show that district Nos. 1 and 107 do not adjoin and the requirements of § 79-403 have not been satisfied in that respect.

We reverse in part and remand to the District Court for further proceedings in accord with this opinion.

Accompanying the Schilke petition to the freeholders board and offered in support of the motion for summary judgment was the affidavit of Schilke which, in addition to other necessary factual allegations, stated: "9. Petitioners have paid tuition for the attendance of their daughter Lisa at school district 1, Dodge County, Nebraska for two consecutive years.

. . . .

"13. This application for transfer is made for the following reasons and each of them:

"a. It is for the best interest of the daughter of petitioners that she continue to attend school in Fremont, School District 1. The petitioner's daughter has continuously attended schools in School District 1, Fremont, from kindergarten to present.

"b. Petitioners' daughter has been enrolled in a Talented and Gifted Program in the Fremont school district. She was enrolled in this program when the program was first commenced and while in grade school. The program was established on a long term

projected basis and intended to continue throughout the child's school years. School District 107 does not have a comparable program and attendance in school there would disrupt the planned education program to this extent to the adverse interest of petitioner's daughter.

"c. Petitioners' daughter has a genuine interest and some ability in tennis. She has played tournament tennis for several years and has looked forward to playing interscholastic tennis in high school. Fremont, School District No. 1, has an interscholastic tennis program for girls. School District No. 107 has no such program. Fremont, School District No. 1, has a coaching staff and facilities for tennis and school district No. 107 does not have such coaching staff or facilities for tennis.

"d. All of petitioners' contacts are with Fremont. Petitioner Neil W. Schilke is legal counsel for the Fremont school district No. 1. Petitioner Bonnie Schilke previously taught in Fremont, School District No. 1. The social friends and acquaintances of petitioners and relatives of petitioners live within Fremont school district No. 1 and their children attend Fremont school district No. 1. As a result, petitioners' daughter attends school with many friends with whom she engages in non-school activities which tends to further her interest in school and its activities. This situation would not exist in school district No. 107.

"e. It is not necessary for petitioners' daughter to ride a school bus to attend school in Fremont School District 1, for the reason that petitioner Neil W. Schilke drives to his office every morning of the week at 7:30 a.m. which coincides with the schedule for his daughter so that she rides with him to school. This results in petitioners' daughter not being required to ride a bus and having additional time for conversation with petitioner on the trip to school.

"f. Petitioners' daughter is also involved in catechetical classes which require continued Wednesday

evening attendance at Salem Lutheran Church in Fremont, Nebraska. If petitioners' daughter attended school at District 107 it would be difficult for petitioners' daughter to return home from school and then go into Fremont for Catechetical classes.

"g. Petitioners' daughter participates in an organization known as 'all American kids'. This is a singing group which entertains for various organizations, principally in Fremont. This organization practices each Monday night after school. If petitioners' daughter were required to attend school in District 107 it would be impossible for her to be a member of this organization and it is the belief of petitioners that membership in this organization does contribute to her best interest."

The Schilke motion for summary judgment recited: "There is no genuine issue of material fact herein and Appellants are entitled to judgment as a matter of law herein on all issues except as to one, and as to this issue Appellants do not make this motion for summary judgment. The portion of the case as to which there is a genuine issue of material fact is as to whether the best educative interests of Appellants' daughter is for her to attend school in School District No. 1, Dodge County, Nebraska, or in School District No. 107, Saunders County, Nebraska."

The appellants, in support of their motion for summary judgment, offered and there was received affidavits which show that the southern boundary of school district No. 1 is along the north bank of the Platte River; that the northern boundary of school district No. 107 is along the south boundary of the Platte River opposite the south boundary of school district No. 1. The affidavits indicate the property which is within the banks of the Platte River is not assessed or taxed, and it does not lie within the boundaries of any school district. No affidavit or other evidence was offered by the appellants contradicting the quoted allegations of the Schilke affidavit on the issue of best educative

interests. Neither did they offer any evidence of facts from which it might be concluded that the best educative interests of the Schilke daughter can be met by her attendance at the school in district No. 107.

We will first discuss the boundary question. The appellants argue that the statutory provision which requires that the districts adjoin means that the boundaries must touch, and since the uncontradicted evidence indicates that the boundaries are separated by a river, the petitioners' property is not eligible for transfer. The Schilke property is located in district No. 107 on the south bank of the Platte River.

The primary meaning of the word adjoin is to touch or have a common boundary. See the words adjoin and adjoining, Webster's Third New International Dictionary, Unabridged (1968). A synonym for adjoin is adjacent. The secondary meaning of both adjoin and its synonym is "to be close" and "near in space." *Id.* An example of the use of the words in their secondary meaning would be: "Adjoining or adjacent islands." Under the word adjacent we find the secondary meaning explained as "relatively near and having nothing of the same kind intervening." *Id.*

Nothing in the record shows the ownership of the portion of the Platte River which lies between the two districts. It. is possible, of course, that title to the riverbed has not followed the ownership of the riparian property. Meander lines of a river as established by original government survey are not boundary lines unless made so by the instrument of conveyance. Instead, the waters themselves constitute the real boundary. *Summerville v. Scotts Bluff County*, 182 Neb. 311, 154 N.W.2d 517 (1967).

This factual situation is no doubt uncommon, as the Legislature, pursuant to its constitutional mandate to provide free education in the common schools for all between the ages of 5 and 21 years, has enacted legislation which contemplates that all property shall be included in some organized school district. Neb. Rev.

Stat. § 79-402.10 (Reissue 1976); Neb. Const. art. VII, § 1.

We hold that while the term adjoin, as used in § 79-403, ordinarily means touching or having a common boundary, it may also include a situation where the boundaries, although not touching, are separated only by a streambed which is not part of any school district. *Bullock v. Cooley,* 225 N.Y. 566, 122 N.E. 630 (1919). Under the facts of this particular case, district Nos. 107 and 1 do adjoin within the meaning of § 79-403.

With reference to the issue of whether a summary judgment may be granted to the nonmoving party, appellants rely upon the provisions of our statute, Neb. Rev. Stat. § 25-1332 (Reissue 1979), and upon the principle that a motion for summary judgment may not be granted where there exists a material issue of disputed fact. *Hiram Scott College v. Insurance Co. of North America,* 187 Neb. 290, 188 N.W.2d 688 (1971); § 25-1332.

Schilke counters by pointing out, as we have previously mentioned, that the appellants have not filed counteraffidavits or presented other evidence disputing the allegations of paragraph 13 of the Schilke affidavit. Citing 6 Moore's Federal Practice ¶ 56.12 (1981), Schilke further urges that where one party has moved for summary judgment and is not entitled thereto, the court may grant summary judgment to the nonmoving party if he is so entitled.

Under federal rule 56, which is virtually if not exactly identical to our statute, the prevailing view is that summary judgment may be granted to the nonmoving party. The state courts appear to be split on the issue. However, even the federal cases do not depart from the requirement that there be no disputed question of fact and that the nonmoving party may be entitled to judgment as a matter of law. *Morrissey v. Curran,* 423 F.2d 393 (2d Cir. 1970).

We need not, for the reasons which follow, decide

in this case whether a summary judgment should be granted to the nonmoving party. Although the contents of the Schilke affidavit pertaining to best educative interest would appear to satisfy the factual requirements on that point (see *Klecan v. Schmal*, 196 Neb. 100, 241 N.W.2d 529 (1976)) and the appellants have offered no counteraffidavits or other proper evidence on the issue, the Schilke motion expressly states it does not move for summary judgment on that issue and acknowledges there is a question of material fact. There is in the record no other evidence with reference to the matter. Under these circumstances the appellants could not reasonably be expected at the hearing on the motion for summary judgment to meet that issue.

We find the interests of justice will be served by permitting the Schilkes to modify their motion to ask for full summary judgment and the appellants be given the opportunity to counter the factual allegations of paragraph 13 of the Schilke affidavit by appropriate counteraffidavit or other evidence in proper form. An affidavit opposing the rendition of a summary judgment, to be effective, must be made on personal knowledge, must set forth such facts as would be admissible in evidence in detail and with precision, and must show affirmatively that the affiant is competent to testify to the matters stated therein. *Eden v. Klaas*, 165 Neb. 323, 85 N.W.2d 643 (1957).

We affirm the judgment of the District Court insofar as it grants partial summary judgment on all issues except that of best educative interest and remand for further proceedings on the excepted issue.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.