Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/19/2023 08:06 AM CDT

Richard G. Schuemann, appellant, v.
Brent D. Timperley, M.D., appellee.
___ N.W.2d ___

Filed May 19, 2023.    No. S-22-268.

1. **Summary Judgment: Appeal and Error.** An appellate court affirms a
   lower court's grant of summary judgment if the pleadings and admitted
   evidence show that there is no genuine issue as to any material facts or
   as to the ultimate inferences that may be drawn from the facts and that
   the moving party is entitled to judgment as a matter of law.
2. ____: ____. An appellate court reviews the district court's grant of sum-
   mary judgment de novo, viewing the record in the light most favorable
   to the nonmoving party and drawing all reasonable inferences in that
   party's favor.
3. **Limitations of Actions: Pleadings: Waiver.** The statute of limitations is
   an affirmative defense that is waived if the defendant fails to plead it.
4. **Limitations of Actions: Motions to Dismiss.** A motion to dismiss
   for failure to state a claim based on the statute of limitations can suc-
   ceed only when the face of the complaint shows that the action is
   time barred.
5. **Summary Judgment: Appeal and Error.** The grant of a motion for
   summary judgment may be affirmed on any ground available to the trial
   court, even if it is not the same reasoning the trial court relied upon.

Appeal from the District Court for Douglas County: J.
Michael Coffey, Judge. Reversed and remanded for further
proceedings.

Theodore R. Boecker, Jr., of Boecker Law, P.C., L.L.O., for
appellant.

Robert A. Mooney and Betsy Seeba-Walters, of Mooney,
Lenaghan & Westberg Dorn, L.L.C., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Papik, J.

Dr. Brent D. Timperley, an ophthalmologist, performed cataract surgeries on Richard G. Schuemann's eyes. Schuemann later experienced pain and reduced vision and filed a lawsuit against Timperley. The district court granted summary judgment to Timperley on statute of limitations grounds. In this appeal filed by Schuemann, we find that the district court erred in its grant of summary judgment and therefore reverse the judgment and remand the cause for further proceedings.

BACKGROUND

*Parties' Pleadings.*

Schuemann filed his lawsuit against Timperley on April 2, 2020. In his complaint, Schuemann alleged that Timperley had performed a cataract surgery on Schuemann's right eye on April 2, 2018, and a cataract surgery on Schuemann's left eye several weeks later. Schuemann claimed that after each procedure, he experienced pain and reduced vision.

According to Schuemann, he had undergone another eye procedure prior to his cataract surgeries, and it was recognized within the medical community that individuals that had undergone that procedure were at a greater risk of suffering adverse results from cataract surgery. Schuemann asserted that Timperley failed to inform him of the risk cataract surgery posed to him and that if he had been informed of that risk, he would not have proceeded with the cataract surgeries. Schuemann also alleged that his pain and reduced vision were caused by Timperley's failure to perform the surgeries in accordance with the standard of care used by similarly trained physicians.

Timperley filed an answer in which he denied breaching the standard of care in any respect. He also alleged that Schuemann's complaint failed to state a cause of action.

Timperley's answer did not allege that any claims were barred by the statute of limitations.

*Summary Judgment Motion.*

Following discovery, Timperley filed a motion for summary judgment. Because the scope of that motion is an issue relevant to this appeal, we summarize the substance of that motion in some detail here.

The introductory paragraph of Timperley's motion asserted that he was seeking summary judgment "for the reason that [Schuemann's] Complaint fails to state a claim against him for which relief can be granted." In the next six numbered paragraphs, Timperley made various assertions regarding the governing statutes of limitations and the timing of Schuemann's surgeries. Specifically, Timperley stated that under Neb. Rev. Stat. §§ 44-2828 (Reissue 2021) and 25-222 (Reissue 2016), Schuemann was required to file his lawsuit within 2 years after the alleged act or omission giving rise to his claim. Timperley contended, however, that evidence he would offer, including Schuemann's responses to requests for admissions, would show that Timperley performed a cataract surgery on Schuemann's left eye on March 19, 2018. While Timperley conceded that he performed cataract surgery on Schuemann's right eye on April 2, he claimed that Schuemann's complaint was inaccurate to the extent it asserted that the medical care giving rise to his claim of professional negligence occurred on that date.

In paragraph 7 of the motion, Timperely stated that for the reasons set forth in the preceding six paragraphs, he was entitled to summary judgment on statute of limitations grounds. Paragraph 8 then stated as follows:

> Timperley moves for an order granting summary judgment in his favor for the reason that the various pleadings, discovery including [Schuemann's] Responses to Request for Admissions and the affidavits submitted in this matter create no genuine issue as to any material

fact and he is entitled to judgment as a matter of law pursuant to Neb. [Rev.] Stat. §25-1332.

In a later paragraph, Timperley stated that in the alternative to summary judgment as to all issues in the case, Timperley moved for partial summary judgment on statute of limitations grounds as to Schuemann's claim of damage relating to the left eye surgery. In a concluding prayer for relief, Timperley's motion stated that he sought summary judgment "for the reason that [Schuemann's] claims against Dr. Timperley are barred by the applicable statutes of limitations, and for such other relief as the Court deems just and equitable." Timperley's concluding prayer for relief added that, in the alternative, he sought partial summary judgment as to claims relating to the left eye surgery "for the reason that such claims are barred by the applicable statutes of limitations, and for such other relief as the Court deems just and equitable."

*Summary Judgment Hearing.*

At a hearing on Timperley's motion for summary judgment, the district court received an affidavit of Timperley. In the affidavit, Timperley testified that he first performed surgery on Schuemann's left eye on March 19, 2018; that Schuemann initially had a good outcome from that procedure; that Timperley subsequently performed surgery on Schuemann's right eye on April 2; and that after the April 2 procedure, Schuemann began to experience complications in both eyes. Timperley also averred in his affidavit that based on his education, training, experience, and review of the medical records, he met the applicable standard of care both as to his performance of the surgeries and as to his securing Schuemann's informed consent. Timperley also opined that any complications Schuemann suffered were not the result of any breach of the standard of care on the part of Timperley.

Schuemann objected to the portions of Timperley's affidavit in which he expressed opinions as to his compliance with the standard of care and causation of damages. Schuemann

objected on the grounds that the motion for summary judgment was based on the statute of limitations.

Schuemann did not offer any expert testimony countering Timperley's opinions, but the district court did receive an affidavit by Schuemann. In that affidavit, Schuemann acknowledged that Timperley performed a surgery on his left eye on March 19, 2018, but asserted that his lawsuit was not alleging negligence with respect to that procedure. Schuemann averred that Timperley also performed a surgery on his right eye on April 2 and a second surgery on his left eye on August 23. Schuemann asserted that he was alleging that Timperley failed to obtain his informed consent for and negligently performed those later surgeries.

During the summary judgment hearing, Timperley's counsel primarily argued that Timperley was entitled to summary judgment on statute of limitations grounds. But after acknowledging that Timperley's motion "focuses on the statute of limitations," Timperley's counsel noted that the motion also asked for "such other relief as the Court deems just and equitable," and proceeded to mention an alternative basis for summary judgment. Timperley's counsel stated that Timperley's affidavit opined that he did not breach the standard of care and that Schuemann failed to counter that opinion with contrary expert testimony.

Schuemann's counsel responded that Timperley was not entitled to summary judgment on statute of limitations grounds for various reasons. As for the alternative basis for summary judgment offered by Timperley, Schuemann's counsel argued that Timperley's motion was based solely on the statute of limitations.

*Summary Judgment Order.*

The district court issued a written order granting summary judgment in Timperley's favor. The district court described the case as "a medical malpractice suit which [Schuemann] alleges arises out of ophthalmic surgery on his left eye on

March 19, 2018 and on his right eye on April 2, 2018." The district court concluded that any claims as to the March 19 surgery were "clearly barred by the statute of limitations," and that because Schuemann did not file his lawsuit by April 1, 2020, claims as to the April 2 surgery were also barred by the statute of limitations. The district court's order did not refer to the alternative basis for summary judgment mentioned by Timperley's counsel at the summary judgment hearing.

Schuemann unsuccessfully moved the district court to alter or amend its summary judgment ruling and then filed this appeal. We moved the case to our docket. See Neb. Rev. Stat. § 24-1106 (Cum. Supp. 2022).

## ASSIGNMENTS OF ERROR

Schuemann assigns several errors, all of which challenge the district court's entry of summary judgment on statute of limitations grounds. Among those assigned errors are contentions that the district court's entry of summary judgment was erroneous because (1) Timperley did not plead the statute of limitations as an affirmative defense, (2) there were disputed issues of fact as to when the alleged malpractice occurred, and (3) the district court misapplied the statute of limitations by finding that an action filed exactly 2 years to the date of the alleged malpractice was barred by the 2-year statute of limitations.

## STANDARD OF REVIEW

[1,2] An appellate court affirms a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *Mai v. German*, 313 Neb. 187, 983 N.W.2d 114 (2023). An appellate court reviews the district court's grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Id.*

ANALYSIS

*Statute of Limitations.*

[3] As discussed above, Schuemann offers multiple reasons why the district court erred by granting summary judgment on statute of limitations grounds. We begin with Schuemann's contention that because Timperley did not assert in his answer that Schuemann's claims were barred by the statute of limitations, Timperley was precluded from raising the statute of limitations in his summary judgment motion. On this point, Schuemann correctly observes that we have consistently held that the statute of limitations is an affirmative defense that is waived if the defendant fails to plead it. See, e.g., *Bonness v. Armitage*, 305 Neb. 747, 942 N.W.2d 238 (2020); *Strode v. City of Ashland*, 295 Neb. 44, 886 N.W.2d 293 (2016); *McGill v. Lion Place Condo. Assn.*, 291 Neb. 70, 864 N.W.2d 642 (2015).

Despite this longstanding rule and his failure to mention the statute of limitations in his answer, Timperley argues that he preserved his statute of limitations defense by asserting in his answer that Schuemann's complaint failed to state a cause of action. In support of this contention, Timperley points to our decision in *Bonness, supra*. Timperley reads our decision in *Bonness* to stand for the proposition that a defendant fully preserves a statute of limitations defense by pleading that the complaint fails to state a claim upon which relief can be granted. Timperley misreads *Bonness*.

[4] In *Bonness*, the defendant filed a motion to dismiss a complaint pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(6) on statute of limitations grounds. In discussing that motion, we observed that under our precedent, we analyze "a challenge *to a pleading* on statute of limitations grounds [as] a challenge that the complaint fails to state a claim upon which relief can be granted." *Bonness*, 305 Neb. at 754, 942 N.W.2d at 244 (emphasis supplied). But nowhere in *Bonness* did we suggest that *any* contention that an action is barred by the statute of limitations can properly be framed as an argument

that the complaint fails to state a claim upon which relief can be granted or that a defendant can fully preserve a statute of limitations defense by pleading that the complaint fails to state a claim. After all, some assertions that a cause of action is barred by the statute of limitations depend on evidence outside the complaint. As our opinion in *Bonness* explained, a motion to dismiss for failure to state a claim based on the statute of limitations can succeed only when the face of the complaint shows that the action is time barred.

Timperley's summary judgment motion was not based solely on the face of Schuemann's complaint. Timperley asked the court to consider his affidavit and other evidence extrinsic to the complaint in order to determine that Timperley was entitled to summary judgment on statute of limitations grounds. Because he relied on evidence outside the complaint, Timperley did not truly assert that "the *pleading* fail[ed] to state a claim upon which relief can be granted." § 6-1112(b)(6) (emphasis supplied). Timperley could rely on such extrinsic evidence only by pleading the statute of limitations in his answer. See *Strode*, 295 Neb. at 52, 886 N.W.2d at 302 ("[t]he general rule is that where a complaint does not disclose on its face that it is barred by the statute of limitations, a defendant must plead the statute as an affirmative defense and, in that event, the defendant has the burden to prove that defense"); John P. Lenich, Nebraska Civil Procedure, § 5:35 (2023) (explaining that if complaint does not show on its face that action is time barred, defendant must plead statute of limitations to preserve defense).

Given the foregoing, the most that Timperley possibly preserved with respect to the statute of limitations was the right to contend that it was apparent from the face of Schuemann's complaint that his claims were barred by the statute of limitations. But as we will explain, any such argument would have failed on its merits.

Timperley's brief on appeal refers to two possible statutes of limitations—the professional negligence statute of

limitations set forth in § 25-222 and the statute of limitations in the Nebraska Hospital-Medical Liability Act set forth in § 44-2828. There appears to be no substantive difference between those statutes of limitations as they relate to this case. Both statutes generally provide for a 2-year limitations period that is triggered by the alleged act or omission providing the basis for the action. The only specific date mentioned in Schuemann's complaint is April 2, 2018, a date on which Schuemann alleged that Timperley negligently performed cataract surgery on Schuemann's right eye. But if the act or omission upon which Schuemann's action is based occurred on April 2, 2018, the lawsuit was timely filed.

The "general rule for computing time" in Nebraska is found in Neb. Rev. Stat. § 25-2221 (Reissue 2016). *Fuelberth v. Heartland Heating & Air Conditioning*, 307 Neb. 1002, 1010, 951 N.W.2d 758, 763 (2020). That statute provides, in relevant part, as follows:

Except as may be otherwise more specifically provided, the period of time within which an act is to be done in any action or proceeding shall be computed by excluding the day of the act, event, or default after which the designated period of time begins to run. The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a day during which the offices of courts of record may be legally closed as providing in this section, in which event the period shall run until the end of the next day on which the office will be open.

§ 25-2221.

Timperley does not direct us to any more specific rule for computing time in either the professional negligence statute of limitations or the Nebraska Hospital-Medical Liability Act. In the absence of a more specific rule, § 25-2221 directs that its rule for computing time should apply. See *Fuelberth, supra* (applying § 25-2221 to compute whether action was barred by statute of limitations). And under that rule, if the

act or omission forming the basis for the action occurred on April 2, 2018, that date would be excluded and the 2-year clock would begin to run the following day. The last day of the 2-year period in which suit could be filed would be April 2, 2020—the day that Schuemann filed his complaint.

Because Timperley waived the right to seek dismissal on statute of limitations grounds based on evidence outside the complaint, and it was not apparent from the face of the complaint that Schuemann's claims were barred, the district court erred by granting Timperley summary judgment on statute of limitations grounds.

*Alternative Basis for Summary Judgment?*

Although we find the district court erred by granting summary judgment on statute of limitations grounds, our analysis does not end there. Our analysis continues because Timperley argues that we can and should affirm the district court's entry of summary judgment on alternative grounds. According to Timperley, he was entitled to summary judgment for an additional reason—the district court received his affidavit opining that he complied with the standard of care and Schuemann offered no expert testimony to the contrary. Timperley contends that Schuemann thus failed to show that he would be able to establish an essential element of his claims that Timperley failed to obtain informed consent and negligently performed surgeries.

[5] We have recognized that the grant of a motion for summary judgment may be affirmed on any ground available to the trial court, even if it is not the same reasoning the trial court relied upon. *Choice Homes v. Donner*, 311 Neb. 835, 976 N.W.2d 187 (2022). The question this case presents, however, is whether the alternative basis for summary judgment Timperley offers on appeal was, in fact, available to the trial court. Schuemann argues that Timperley's motion sought summary judgment on statute of limitations grounds alone and that consequently, the trial court could not have granted

summary judgment on the alternative basis Timperley offers on appeal.

We agree with Schuemann that a party opposing summary judgment is not obligated to present evidence pertaining to issues or theories not raised by the motion. This principle is expressed in our precedent. In *In re Freeholders Petition*, 210 Neb. 583, 316 N.W.2d 294 (1982), we reversed a judgment to the extent it granted summary judgment on an issue on which the moving party did not seek summary judgment. Under those circumstances, we explained, the nonmoving party "could not reasonably be expected at the hearing on the motion for summary judgment to meet that issue." *Id.* at 589, 316 N.W.2d at 298. As the Nebraska Court of Appeals has stated, "When an issue is not presented in a summary judgment motion, the opposing party does not have notice to defend against the issue." *Livingston v. Pacific Realty Commercial*, 18 Neb. App. 13, 17, 773 N.W.2d 169, 172 (2009). See, also, *Box v. A & P Tea Co.*, 772 F.2d 1372 (7th Cir. 1985) (holding that appellate court can affirm summary judgment on alternative ground only if that ground was adequately presented in trial court).

For his part, Timperley does not seem to dispute that we could affirm on the alternative basis he proposes only if that basis was presented in the trial court. He maintains, however, that the alternative basis was presented in the trial court, that Schuemann had adequate notice summary judgment was sought on that alternative basis, and that Schuemann simply failed to offer evidence to create a genuine issue of material fact. We thus turn to consider whether Timperley adequately presented his alternative basis for summary judgment in the district court.

At the outset, we note that it does not appear that the district court believed that Timperley had presented his alternative basis for summary judgment. As we have noted, Schuemann did not offer any expert testimony contradicting Timperley's opinion that he had complied with the standard of care.

Generally, the failure to rebut expert testimony that a medical professional complied with the standard of care will result in summary judgment for the medical professional. See, e.g., *Carrizales v. Creighton St. Joseph*, 312 Neb. 296, 979 N.W.2d 81 (2022). Here, however, the district court did not mention the absence of expert testimony countering Timperley's opinion in its summary judgment order. The district court granted summary judgment on statute of limitations grounds alone.

We also observe that Timperley's counsel acknowledged at the summary judgment hearing that the motion "focuses on the statute of limitations." That strikes us as something of an understatement. All the substantive assertions in the motion pertained to either the statutes of limitations at issue or the dates of Schuemann's various procedures. And in both the numbered paragraphs and the concluding prayer for relief, Timperley expressly requested summary judgment on statute of limitations grounds without mentioning any other basis on which summary judgment was sought.

Despite no mention in the summary judgment motion of any other basis on which summary judgment was sought, Timperley argues that the motion provided adequate notice that he sought summary judgment on an alternative ground. At oral argument in this case, Timperley argued that paragraph 8 of his motion provided such notice. Additionally, at the summary judgment hearing, Timperley's counsel suggested that the district court could grant summary judgment on a basis other than the statute of limitations because his summary judgment motion, in addition to requesting summary judgment on statute of limitations grounds, asked for "such other relief as the Court deems just and equitable."

We disagree that the language Timperley relies upon provided sufficient notice that Timperley sought summary judgment on a basis other than the one he expressly identified. Timperley's reliance on paragraph 8 would be compelling if that paragraph was accompanied with introductory language like, "As an alternative basis." But in the absence of such

language, paragraph 8 is nothing more than a recitation of the summary judgment standard, a standard that applied to the contention expressed in the preceding seven paragraphs that he was entitled to summary judgment on statute of limitations grounds. As for the motion's request for "such other relief as the Court deems just and equitable," we find this kind of catchall language insufficiently specific to provide notice that Timperley sought summary judgment on a basis other than the ground expressly identified in the motion.

We emphasize that this opinion should not be understood to hold that every motion for summary judgment must precisely identify the specific grounds upon which summary judgment is sought. This case does not involve a motion for summary judgment in which the moving party asserts only that the evidence would show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Instead, the motion in this case sought summary judgment for a specifically identified reason and included no language apprising the court and the nonmoving party that summary judgment was sought on an alternative basis. Under those circumstances, we find that the alternative ground was not adequately presented to the district court. Accordingly, we decline to consider whether to affirm on that basis. We are aware of nothing, however, that would preclude Timperley from properly seeking summary judgment on the alternative basis presented here after the cause is remanded to the district court.

## CONCLUSION

The district court erred in granting summary judgment for Timperley on statute of limitations grounds. Finding no alternative grounds on which to affirm the judgment, we reverse the judgment and remand the cause to the district court for further proceedings.

Reversed and remanded for
further proceedings.